## Curran v. Lorch, Appellant.

*Negligence—Automobiles—Lights—Instruction to jury—Act of April 27, 1909, P. L. 265.*

In the trial of an action to recover damages for personal injuries resulting from the alleged negligent operation of defendant's automobile, it is not error for the court to instruct the jury that it is negligence to drive an automobile at a very rapid rate at

night, without lights to give notice that the automobile is coming, and to enable the driver to see the road ahead. Such instruction is not in conflict with the Act of April 27, 1909, P. L. 265, Section 12, which requires two side lights, visible for 200 feet ahead.

Argued Oct. 19, 1914. Appeal, No. 188, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1910, No. 205, in case of Edward Curran v. Louis Lorch, Jr. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $4,670 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was instructions to the jury.

*William W. Wishart,* with him *J. Roy Dickie,* of *Wishart & Dickey,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

PER CURIAM, January 2, 1915:

The judgment entered on the verdict obtained by the plaintiff at a previous trial was reversed because of the refusal of the court to withdraw a juror and continue the case after the fact that the defendant was insured from loss by accident had been brought to the attention of the jury. See Curran v. Lorch, 243 Pa. 247. It was said in the opinion of this court that the question whether the chauffeur, who drove the defendant's car, was using it for his own pleasure and without authority or whether he was acting within the scope of his employment, was a close one under the testimony but was

for the jury. There was the same conflict of testimony on this material point at the second trial and the case could not have been withdrawn by the court.

Complaint is made of the instruction that it is the duty of a person driving an automobile on a country road at night to have lights in order that his machine may be seen by others on the road and that he can see the road and avoid collision with persons ahead of him. It is argued that this instruction imposed a duty on the defendant to illuminate the road ahead of him by the use of a head light in addition to his side lights, a requirement in excess of that prescribed by the Act of April 27, 1909, Section 12, P. L. 265, which is "to show two side lights visible not less than two hundred feet in the direction in which the vehicle is progressing." This conclusion does not follow from what was said. The instruction given was that it is negligence to drive an automobile at a very rapid rate at night without lights necessary to enable a person crossing the road to see that the automobile is coming and to enable the driver to see ahead and know whether there are persons or vehicles in the road in front of him; that the driver of an automobile is held to the degree of care which an ordinarily prudent person would exercise under the circumstances and that the rate of speed should be consistent with reasonable safety and the lights necessary to afford reasonable protection to others on the road should be lit. This instruction did not require the use of lights other than those named in the act and it imposed no duty except that of the exercise of reasonable care under the circumstances.

The judgment is affirmed.