H. T. COOKE v. THOMAS J. JEROME AND HENRY LITTLETON.

(Filed 6 December, 1916.)

**1. Automobiles—Statutes—Regulations—Negligence—Rule of Prudent Man—Evidence—Questions for Jury.**

Where the driver of an automobile violates the statute by turning to the right to avoid a motorcycle traveling in the same direction upon a public road, and collides therewith, and action is brought to recover damages therefor, and the evidence is conflicting as to whether the motorcycle was unexpectedly turned out in the wrong direction, resulting in the injury, the question of proximate cause depends upon whether the driver of the automobile acted with reasonable prudence under the circumstances, to avoid the injury, or whether the collision was caused by the wrongful and unexpected act of the one on the motorcycle. The instructions of the trial judge, in this case, are approved. Gregory's Sup. Revisal, sec. 2728a.

**2. Appeal and Error—Pleadings—Trials—Nonsuit—Assignments of Error.**

The question of whether the owner of an automobile is responsible for the negligence of its driver while acting as the agent and in the employment of another is not presented by this appeal, there being no allegation thereof in the answer, no motion to nonsuit or presentation thereof by assignment of error.

CIVIL ACTION tried at February Term, 1916, of ROWAN, before *Ferguson, J.,* upon these issues:

1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: "Yes."

2. Did the defendant contribute to his own injury by his own negligence, as alleged in the answer? Answer: "No."

3. What damages, if any, is plaintiff entitled to recover? Answer: "$941."

*J. F. Hudson, T. G. Hudson, and E. S. Delaney for plaintiff.*
*A. H. Price, Edward C. Jerome for defendant.*

BROWN, J. This action is brought to recover damages for personal injuries sustained by plaintiff by reason of the alleged negligence of defendants in causing a collision between defendant's automobile and plaintiff's bicycle. Both were traveling in the same direction, the defendant Littleton driving the car, of which defendant Jerome was the owner.

The alleged negligence consists of a violation of the statute, Greg. Sup., sec. 2728a, viz.: "Any person so operating a motor vehicle shall, on overtaking any such horse, draft animal, or other vehicle, pass to

the left side thereof, *and the rider or driver of such horse, draft animal, or other vehicle shall, as soon as practicable, turn to the right so as to allow free passage on the left."* Section 20 of same statute provides that "Any person violating any provision of this act shall be guilty of a misdemeanor, and upon conviction shall be fined not exceeding $50 or imprisoned not exceeding thirty days."

There is abundant evidence that defendant's machine turned to the right, instead of to the left, as required by statute, in order to pass plaintiff. The evidence of defendants tends to prove that plaintiff first turned to the left, thereby misleading them, then suddenly wheeled to the right in front of their machine, and that this caused the collision. This is denied by the plaintiff, who offers evidence tending to prove that he turned to the right and remained on right-hand side of the road, and was within 4 feet of the cross-ties on that side when struck by the machine; that as soon as the horn sounded '(the machine being then only 6 or 8 feet behind him), he turned to right towards street car line and was struck by the machine in two or three seconds. There was evidence upon part of plaintiff that machine was running 25 miles per hour and by defendants that it was running only 10 miles per hour.

There are only three assignments of error, viz.:

1. That the court erred in charging the jury: "The defendant was required under the law to exercise the care that a reasonably prudent man would to avoid injury to the plaintiff, and if the defendant failed to do so, having turned to the right of the road instead of turning to the left, the defendant would be guilty of negligence, and if that was the proximate cause of the injury, it would be your duty to find the first issue 'Yes'; but if by the conduct of the plaintiff, the defendants, as the party operating the machine, the owner of it, had reasonable grounds to believe and believed that the safe way to do was to pass to the right, and it was unsafe to attempt to pass by going to the left, then it would not be negligence upon the part of the defendants to pass or attempt to pass turning to the right. Were the defendants excusable from going to the left by reason of the conduct of the plaintiff? This is a question of fact for you."

2. That the court erred in charging the jury: "If you answer the first issue 'Yes,' then it becomes necessary to answer the second issue and find from the evidence whether or not the plaintiff turned to the left, he on his bicycle and they in their car; and did the defendant have reason to believe that if they proceeded on the left that they would come together and be a collision, but to turn to the right they would be safe? And did the plaintiff, after he turned to the left, realize that

he had made a mistake in regard to the rules of the road, and then attempt to turn to the right without seeing the danger he was approaching, and ran in front of the car, and was that the proximate cause of his injury? If you so find, it will be your duty to answer the second issue 'Yes.' But if you fail to so find, it would be your duty to answer it 'No.' "

3. That the court erred in charging the jury: "The defendant contends that the plaintiff turned to the left, misled them, then suddenly turned to the right and thereby the injury was caused. Plaintiff denies that; says that he turned to the right—that is his contention—the way he had a right to go. If he did not mislead the defendants by turning to the left, he would not be guilty of contributory negligence, and it would be your duty to answer the second issue 'No.' "

We cannot discover any error in the above instructions. It is admitted by defendants that the driver of the machine turned to the right in violation of the statute. It is attempted to justify this by showing it was necessary, owing to the conduct of plaintiff. As the evidence is conflicting as to such conduct, the court properly submitted the matter to the jury. We think the charge presents the controversy to the jury clearly and fairly and gave defendants the full benefit of all they were entitled to.

It was contended on the argument that defendant Jerome is not liable, although he owned the car, because the evidence shows that it was in the control of defendant Littleton and in the temporary service of the Belmont Land Company at the time, and that defendant Jerome, although the owner of the machine, was only a passenger.

This defense is not set up in the answer. There was no motion to nonsuit and it is not presented by any assignment of error.

No error.