RICHARD THOMAS v. FRANKLIN P. STEVENSON AND ANOTHER.[1]

July 9, 1920.

No. 21,769.

**Motor headlights — statutory requirement.**

1. Section 2632, G. S. 1913, requires motor vehicles to be equipped

[1]Reported in 178 N. W. 1021.

with headlights, the rays of light from which shall be visible for 200 feet ahead.

**Same — whether violation of statute was proximate cause of injury, for the jury.**

2. Whether failure to carry such a light was a proximate cause of injury to one approaching an automobile from the side was a question for the jury.

Two actions in the district court for St. Louis county, one to recover $10,000 for injuries to plaintiff's minor son and the other to recover $1,000 for medical care and loss of the minor's services. The cases were tried together before Cant, J., and a jury which returned verdicts in favor of defendants. From orders denying plaintiff's motions for a new trial, he appealed. Reversed.

*John Jenswold* and *John D. Jenswold,* for appellant.

*Warner E. Whipple* and *Frank E. Randall,* for respondents.

HALLAM, J.

Jalmar Thomas, a boy eight years old, while coasting after dark, from a lot into a street, was injured by coming into contact with an automobile, belonging to defendant Stevenson, and driven by his chauffeur, defendant Mastrian. Two actions were commenced, one by Jalmar's father on his own behalf and one on behalf of Jalmar. In both, the negligence charged was that defendant failed to maintain sufficient lights on the automobile. The automobile was equipped with the ordinary old-style gas headlights and also two small electric dashlights. The headlights were not lighted. The dashlights were.

The case was submitted to a jury and a verdict was returned for the defendants.

1. The difficult question in the case arises out of the proper construction of section 2632, G. S. 1913. This section reads as follows:

"Every motor vehicle operated upon the public highway of this state shall * * * during the period from one hour after sunset to one hour before sunrise, display at least two lighted lamps, visible from the front, and one on the rear of such vehicle, which shall also display a red light, visible from the rear. The white rays of such rear lamp shall

146 M.—18.

shine upon the number plate carried on the rear of such vehicle. The light of the front lamp shall be visible at least two hundred feet in the direction in which the motor is proceeding."

Defendant contends that this means that the front lights shall be visible to a person looking towards them and stationed 200 feet ahead of the car. If this construction is correct, the lights complied with the statute.

Plaintiff contends, in effect, that the light of the lamps, that is, the rays of light which the lamps shed, shall be visible for a distance of "two hundred feet in the direction in which the motor is proceeding." If this construction is correct, the lights did not comply with the statute.

The language is not clear, but we think plaintiff's construction is the correct one. It seems to us equally consistent with the language used.

If defendant's construction is the correct one, then the provision is nugatory. Headlights would not be required at all. Any conceivable light, even a lighted match, could be seen at night 200 feet away.

The trial judge evidently adopted defendant's construction. He did not so instruct the jury in terms. He simply gave the jury the language of the statute. But he instructed them that it was defendant's duty "also to see that such lights * * * should be of such a character as to illumine the way for a reasonable distance in advance of the automobile." The jury could but understand that the requirement that the light should be visible for a distance of 200 feet had no reference to such illumination or light upon the way.

In this we think the court was in error. The language of the charge would be a correct statement of the law as to lights, if the statute did not specify their character.

One purpose of the lights is to enable the driver to avoid doing injury to one on the highway, and they must illuminate the way for a reasonable distance, though a statute does not say so. This was held in Curran v. Lorch, 247 Pa. St. 429, 93 Atl. 492. The same principle was applied in Lauson v. Fond du Lac, 141 Wis. 57, 123 N. W. 629, 25 L.R.A. (N.S.) 40, 135 Am. St. 30, where the question arose upon the contributory negligence of the plaintiff in not having sufficient lights. The rule is applicable to a street railway. Currie v. Consol. Ry. Co. 81 Conn. 383,

71 Atl. 356. A statute requiring "lamps showing white lights, visible within a reasonable distance in the direction towards which the automobile is proceeding," was held in Giles. v. Ternes, 93 Kan. 140, 143 Pac. 491, to require lights illuminating for a reasonable distance ahead "for the direction and guidance of those in charge of the automobile." And see Sweet v. Salt Lake City, 43 Utah, 306, 134 Pac. 1167. The purpose of the provision of G. S. 1913, § 2632, that "the light of the front lamp shall be visible at least two hundred feet in the direction in which the motor is proceeding," was to fix by definite rule the distance which must be lighted and thus to remove from the province of the jury the duty of determining in particular cases what is a "reasonable distance."

The absence of a statutory light was negligence per se, Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Hillstrom v. Mannheimer Bros. supra, page 202, 178 N. W. 881; Unmacht v. Whitney, infra, page 327.

2. We think there was evidence proper to submit to the jury as to whether the absence of such a light was the proximate cause of the injury. While, as above stated, one purpose and use of the front light is to illumine the way for the driver of the automobile, this is not the only purpose or use. It was also designed to serve as a warning to others of the presence and approach of the automobile. In this case the evidence is that Jalmar and a boy companion, who was with him, approached the street traffic from the side and cared for their safety by looking for the rays of light that automobile headlights were expected to throw. The dashlight on defendant's car did not warn them. A real headlight might have done so.

Order reversed and a new trial granted.

BROWN, C. J. (dissenting).

The construction given the statute is strained, and if adhered to will effectually nullify all efforts to suppress the brilliant, dazzling automobile headlight, which sends terror to the traveler upon our much frequented narrow highways and boulevards, an end not necessary for the public safety or the general welfare. No headlight can illuminate the roadway to the driver for 200 feet ahead, unless it be of that brilliant type; no other light, none now in general use, will meet the requirements of the statute as construed by the court, and must be discarded

or dimmers removed. In my opinion the trial court properly construed the statute as requiring such a light as will shed its rays forward and be plainly observable to persons 200 feet away. That view of the law answers every purpose of safety and should be adopted. I therefore respectfully dissent.

## ON MOTION FOR REARGUMENT.

On September 24, 1920, the following opinion was filed:

HALLAM, J.

In disposing of defendant's motion for a reargument we should not think a further opinion necessary but for counsel's statement that a rehearing is sought, not exclusively or even primarily in behalf of the defendants in this case, but largely on the demand of certain motor clubs, civic associations and persons interested in the conduct of our municipalities, who have indicated their conscientious belief that the decision will be harmful to the public welfare. While the practical result of a statute does not control its language when the language is free from doubt, a construction which would result in absurdity, injustice, inconvenience or public mischief, is to be avoided, if the language used will reasonably bear any other construction. Borer v. Kolars, 23 Minn. 445; Williams v. Minnesota S. B. of M. E. 120 Minn. 313, 318, 139 N. W. 500. We feel, however, that both counsel and those whom he represents have a different understanding of the significance and the effect of our decision from what we have.

The outstanding fact in this case is that the headlight on defendant's car was not lighted at all, and counsel contends that the statute requires no headlight, but that the small dashlights with which his car was equipped and which are sometimes found on other cars, complied with all the requirements of this statute as to "front lamps." In other words that the 290,000 motor cars of which he speaks, and which without exception are equipped with headlights, might all of them travel the highways of the state at night without headlights at all, if they would but carry, lighted, this little dashlight. We do not think this statute has ever received this practical construction. Nor do we think that students

of this subject will, on full reflection, contend that such a construction is necessary to safety of travel. Such a construction of the statute, it seems to us, would be wholly subversive of its purpose.

We agree with counsel that, in providing that "the light of the front lamps shall be visible at least 200 feet in the direction in which the motor is proceeding," "the legislature had in mind that the rays of these lamps," and we have construed the statute to mean that the rays of light shall be visible 200 feet in the direction in which the motor is proceeding. This naturally means that the farthest rays of light shed by the lamps shall be visible for 200 feet. It does not mean, as counsel seems to think, "that the light of the lamps * * * shall illuminate the roadway for a distance of two hundred feet," if by this is meant an illumination which will adequately light the way for such a distance. How much difference this makes we shall not take time to discuss.

Counsel argues that a motorist attempting to tour other states with the lighting equipment which we hold this statute requires will "experience no slight embarrassment," because his lights will be brighter than the laws of other states permit. This argument is based upon an unwarranted assumption as to the nature of the statute laws of other states. For example, the statutes of Wisconsin require that the head lamps "shall be such as to enable the driver to clearly distinguish a person, vehicle or other substantial object two hundred feet ahead," 1919 Statutes, vol. 1, § 1636-52a. The New York statute contains the same requirement, N. Y. Laws 1918, c. 540; as do those of Pennsylvania, Pa. Laws of 1919, c. 283, § 20, and in substance the laws of California so require, Laws Cal. 1919, p. 1493. Washington, Sess. Laws 1919, c. 59, § 21, and Connecticut, G. S. 1918, § 1535, have the same provisions with the substitution of "150 feet" for "200 feet." The Ohio statute permits lamps the rays of light of which shall be visible 3½ feet above the surface of the highway, 200 feet in front of the vehicle, Laws of Ohio 1917, p. 540. The statutes of North Dakota, Iowa and Nebraska permit or require lights to be such that "the beam of the reflected light when measured 75 feet or more ahead of the lamps" may rise to 42 inches above the ground. N. D. Laws 1917, c. 155; Iowa Laws 1919, c. 275, § 25; Nebraska Laws 1919, c. 222, § 31. It will probably not be contended that the rays of

such light would not be visible 200 feet in advance of the car. A "touring motorist" might with impunity travel in any of these states with a headlight meeting the requirement of the Minnesota statute as we construe it, but if he should undertake to pass from Duluth, Minnesota, to Superior, Wisconsin, by night, with a light such as defendant used in this case, and which would be sufficient under the construction contended by counsel, or with any light not sufficient to enable the driver to distinguish substantial objects 200 feet away, he might "experience" the "embarrassment" of arrest and fine.

Counsel argues that our construction of the statute will necessitate the discarding of modern dimmers or diffusing lenses and a return to "intense glaring and utterly confusing lights," with incidental financial loss of the owners of modern dimmers. This argument assumes that the rays of light from a lamp of safe brilliance, equipped with modern dimmers or diffusing lenses, are not visible 200 feet in advance of the vehicle which carries them. There is no evidence and nothing in the record to sustain such assumption. We might express an opinion that counsel's assumption of fact is unwarranted, but this would likewise be "off the record." A reading of the recent California case of In re Hinkelman, 191 Pac. 682, however, leaves little doubt as to the conclusion of the public authorities of that state. It is very significant that in that case the defendant was a motorist whose car was equipped with a Warner lens, conceded to be an approved type of dimmer in common use, and the charge was not, as counsel fears, that the light was insufficient to illuminate the way for 200 feet as the California statute requires, but that it was too brilliant, because equipped with lamps of too high candle power. The indictment alleged that the headlight had passed the state inspection provided by the statute and was found to shed sufficient light to comply with the statute, and not too brilliant a light, if equipped with lamps of proper candle power.

There seems really no occasion for further argument of this subject. A majority of the court adhere to the former conclusion. Application for a rehearing is therefore denied.