23844. SULLIVAN *et al.* v. MORRIS.

DECIDED JANUARY 15, 1935.

*E. S. & James Loy Griffith,* for plaintiffs in error.
*Walter Matthews, Smith & Millican,* contra.

MacIntyre, J. J. H. Morris brought an action against E. L. Sullivan and V. D. Hamilton to recover $6000 damages arising out of a collision between an automobile driven by the plaintiff and a truck driven by an employee of the defendants. A jury awarded the plaintiff $600 damages. The defendants except to the overruling of their motion for a new trial.

The collision occurred near the middle of a long gradual curve in the public highway running in an easterly direction from Carrollton to Whitesburg. Plaintiff's automobile was going east, and defendants' truck west, and each was, or should have been, in plain view of the driver of the other vehicle for some distance before the collision. The plaintiff's case was that he was driving on the proper side of the road—the side to his right,—while the defendants' truck was traveling toward him on the same side of the road; that plaintiff remained on his side of the road until the truck, still traveling on the same side of the road, was so close to him that he turned to his left to avoid a collision with the truck, which would have been unavoidable had both cars held their course; that after the plaintiff had so turned to his left, the driver of the truck suddenly turned to his right while running at a rapid rate of speed, and drove his truck into plaintiff's automobile; and that by reason of the collision plaintiff's leg and two of his ribs were broken, and his automobile, which was worth $400, was a total loss.

The gist of the defendants' case was that while the truck was on the wrong side of the road the driver of the truck turned to his right in ample time to have passed the automobile in perfect safety, and, after he had done so, the plaintiff, for some unaccountable reason, suddenly turned to his left and ran into the truck, damaging it in the sum of $118. There was testimony that the driver of the truck stated, after the collision, that "he just didn't see the car until he was right on it;" but the driver of the truck denied making any such statement. It being peculiarly the province of the jury to pass upon the credibility of witnesses and the weight of evidence, this court can do nothing else than hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

In the only special ground of the motion for a new trial it is averred that the court erred in charging the jury as follows: "If you do not believe the plaintiff was negligent, if you believe the in-

jury was the result solely of the negligence of the defendant in some of the particulars specified in the petition, you should give the plaintiff full damages in the sense of the instructions heretofore given you." It is insisted that this charge was erroneous because it expressed the opinion that "the plaintiff was injured, that the defendants were negligent, and that the plaintiff should have full damages." When fairly construed, we do not think that the charge is susceptible to any of the foregoing criticisms. We confess that it is difficult for this court to appreciate the full significance of the criticism of the instruction that the jury "should give the plaintiff full damages in the sense of the instructions heretofore given you," for the reason that the ground does not indicate what those instructions were. Regardless of this, however, since the suit was for $6000, and the verdict for only $600, notwithstanding the fact that the plaintiff was severely and painfully injured and his automobile demolished, it could hardly be fairly concluded that the charge as to "full damages" influenced the jury or harmed the defendants. We hold that this ground shows no reason for reversing the judgment.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

GUERRY, J., concurring specially. It is generally true that if a collision takes place on the wrong side of the road with respect to one of the parties, the presumption is against that party. *McGee v. Young,* 132 *Ga.* 606 (64 S. E. 689). In the present case it is apparent that at the time of the collision the plaintiff himself was on the wrong side of the road, and, nothing else appearing, he would not be entitled to recover. Stohlman *v.* Martin, 28 Cal. App. 338 (152 Pac. 319); Shupe *v.* Rodolf, 185 Cal. 371 (197 Pac. 57); Hagenah *v.* Bidwell, 46 Cal. App. 556 (189 Pac. 799); Herdman *v.* Zwart, 167 Iowa, 500; Stobie *v.* Sullivan, 118 Me. 483; Perlstein *v.* Am. Ex. Co., 177 Mass. 530; Black *v.* Parke, 211 Mich. 274. "The presumption that the one on the wrong side of the highway is guilty of negligence, is one which may be rebutted. . . Properly considered, the rule of the road is a rule of negligence, and the fact that a person was on the wrong side of the road when a collision took place does not per se make him liable for damages, but his liability is determined by the rules of law applicable to cases of negligence." Huddy on Automobiles (7th ed.), § 323. "In many of the decisions which hold that the violation of a traffic

regulation is negligence *per se,* the intention of the decision is that the violation is negligence *per se,* unless some emergency or excuse can be furnished for the violation." Huddy on Automobiles (7th ed.), § 323. In the case at bar it is alleged that the wrongful conduct of the defendant in himself driving on the wrong side of the road in approaching the plaintiff's car created an emergency which caused the plaintiff to turn to his left in an attempt to avoid a collision with the defendant, and justified him in doing so. It is true that if a defendant creates an emergency through his negligence which places another person in imminent danger, he will not be absolved from liability if the other is injured as a result thereof because he did not exercise the best judgment in attempting to avoid the consequences of the defendant's negligence. The law of this State is that "An operator of a vehicle in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible." Ga. L. 1927, p. 237; 14 Park's Code Supp. 1928, § 828(uu-30,e). The defendant was, according to the allegations of the petition and the evidence, violating this statute, and the plaintiff alleges that such violation and negligent conduct caused him to turn his vehicle to the left in order to avoid what seemed an impending collision. "The driver of a vehicle may be justified in leaving the right-hand side of the road when he is in danger of a collision with another vehicle which is violating the law of the road or is driven negligently." Huddy on Automobiles (7th ed.), § 328. In Cooke *v.* Jerome, 172 N. C. 626 (90 S. E. 767), it was said: "Where the driver of an automobile violates the statute by turning to the right to avoid a motorcycle traveling in the same direction upon a public road, and collides therewith, and action is brought to recover damages therefor, and the evidence is conflicting as to whether the motorcycle was unexpectedly turned out in the wrong direction, resulting in the injury, the question of proximate cause depends upon whether the driver of the automobile acted with reasonable prudence under the circumstances, to avoid the injury, or whether the collision was caused by the wrongful and unexpected act of the one on the motorcycle." In Bragdon *v.* Kellogg, 118 Me. 42 (105 Atl. 433), it was said: "In case of imminent danger when two alternatives are presented, an exercise of intelligent and prudent judgment will excuse one from the charge of negligence, although the course taken may not

prove to have been the safest or best. Larrabee v. Sewall, 66 Me. 376; Skene v. Graham, 114 Me. 229 (95 Atl. 950). In case of emergency a swerving of a traveler to the wrong side of the road is not negligence. Skene v. Graham, supra. A driver is justified in turning to the left side of the road in order to avoid a collision. Clark v. Woop, 159 App. Div. 437 (144 N. Y. Supp. 595); Mc-Fern v. Gardner, 121 Mo. App. 1 (97 S. W. 972). 'So, in an action for injury sustained when two automobiles collided in the highway, plaintiff, turning to the left, while acting as a reasonable man upon the honest belief that he would thereby avoid a collision with the defendant, was absolved from obeying the law of the road, and turning to the right.' Lloyd v. Calhoun, 78 Wash. 438 (139 Pac. 231)." See, in this connection, Pacelli v. Central of Ga. Ry. Co., 6 Ga. App. 97 (64 S. E. 302); Bryant v. Ga. Ry. & Power Co., 162 Ga. 511 (134 S. E. 319); Central of Ga. Ry. Co. v. Barnes, 46 Ga. App. 159 (167 S. E. 217); Dabbs v. Rome Ry. Co., 8 Ga. App. 350 (69 S. E. 38). It is my opinion that it was a question for the jury in the present case to determine whether the alleged negligence of the defendant in continuing on the left-hand side of the road until a collision with the plaintiff's car seemed imminent, justified the plaintiff in turning to the left and attempting to avoid the threatened collision. Questions of diligence and negligence being under such circumstances for determination by the jury, I can not say that the verdict in favor of the plaintiff is not supported by sufficient evidence. See, in support of this ruling, Oklahoma Producing &c. Cor. v. Freeman, 88 Okla. 166 (3) (212 Pac. 742); Puick v. Thurston, 25 R. I. 36 (54 Atl. 600); Borg v. Larson, 60 Ind. App. 514 (111 N. E. 201).