ANNA MAHONEY v. J. MILES MAXFIELD.[1]

November 22, 1907.

Nos. 15,415—(102).

**Highway—Driver of Automobile.**

Chapter 356, Laws 1903 (section 1277, R. L. 1905), does not impose upon the driver or operator of an automobile on a public road or street the absolute duty upon signal to stop the motive power of his vehicle, in addition to stopping the vehicle itself. Whether the failure to stop the motive power of the vehicle is negligence must be determined by the circumstances of each case.

Action in the district court for Mower county to recover $1,000 for personal injuries alleged to have been caused by the negligent driving of defendant's automobile. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $750. From an order denying his motion for a new trial, defendant appealed. Reversed, and new trial granted.

*S. D. Catherwood* and *G. W. W. Harden,* for appellant.
*Lafayette French,* for respondent.

ELLIOTT, J.

In an action to recover damages alleged to have been caused by the negligence of the operator of an automobile upon a public highway in failing to stop the automobile upon being signaled to do so, as required by section 2, c. 356, p. 646, Laws 1903, the court instructed the jury that the statute required the operator to stop the motive power, as well as the vehicle. As it was conceded that the plaintiff was thrown out of her buggy and injured, and that the defendant did not stop the motive power, as well as the vehicle, the instruction was prac-

---

1 Reported in 113 N. W. 904.

tically equivalent to a direction to return a verdict for the plaintiff. As we think the statute was improperly construed to the prejudice of the defendant, a new trial will be necessary, and we therefore refrain from discussing the other questions raised on the appeal, as they will probably not arise again.

The statute which was in force when the accident occurred (chapter 356, p. 646, Laws 1903) provided that "the driver or operator in charge of any automobile, motor vehicle, or motor cycle, on any public road, highway, or street, within this state, when signaled by the driver of any vehicle propelled by horses shall stop said automobile [or] motor vehicle, until the other vehicle has passed." As embodied in the present statute (section 1277, R. L. 1905) it reads: "The operator of any such vehicle, propelled upon any public road, shall stop the same on signal from any person driving horses or mules on such road until such horses or mules have passed." The legislature has thus not said that the operator shall stop the motive power as well as the vehicle, and, while the language of the statute must be construed to effect the purpose of the legislature, it should not, in view of the fact that a violation is made a misdemeanor, be extended beyond its evident purport. See McCummins v. State (Wis.) 112 N. W. 25. Similar statutes have within the last few years been enacted in many of the states, but so far as we have been able to learn there are no decisions which construe this particular provision. From an examination of these statutes it appears that the various legislatures have recognized the fact that there is a distinction between stopping the vehicle and stopping the power by which the vehicle, when connected therewith, is propelled.

In Wisconsin (section 4, c. 305, p. 467, Laws 1905) it is provided that upon signal the operator shall "cause such automobile or other similar vehicle to stop all [motive] power and remain stationary, unless a movement forward shall be deemed necessary to avoid accident or injury."

In New York (section 3, c. 625, p. 1418, Laws 1903; Murphy v. Wait, 102 App. Div. 121, 92 N. Y. Supp. 253), the driver shall "cause the automobile immediately to stop, and remain standing, and upon request shall stop the running of the engine so long as it may be necessary to allow the horse to pass."

In Alabama (section 6, p. 499, Laws 1903) it is also provided that the driver shall "cause such vehicle to stop and remain stationary and upon request shall cause the engine of such vehicle to cease running," etc.

In Kentucky (section 4, c. 122, Laws 1904) the operator must "bring such motor vehicle immediately to a stop if necessary, having due regard for safety of persons, vehicles, * * * provided, that in such case such horse or animal appears badly frightened, or he is requested so to do, the person operating such motor vehicle shall, if apparently safer, cause the motor of such vehicle to cease running so long as shall be reasonably necessary to prevent accident." Practically the same provision is found in California (chapter 612, p. 816, Laws 1905).

In Maine (chapter 237, p. 200, Pub. Laws 1903) the driver upon signal shall "cause such vehicle to come to a stop as soon as possible and to remain stationary."

In Maryland (chapter 518, p. 899, Laws 1904) the driver shall guide the motor vehicle as far as possible to the side of the road and bring the same to a stop and remain standing, etc., and if requested so to do, shall under certain circumstances, alight from the motor vehicle and lead the frightened horses by the vehicle.

In Connecticut (chapter 230, p. 425, Pub. Laws 1905) the person operating "such motor vehicle shall bring the same and the motor or other power propelling the same, immediately to a stop."

In Delaware (chapter 124, p. 213, Laws 1905) he "shall cause the motor vehicle to stop and remain stationary so long as may be necessary to allow said horse or horses to pass on." A similar provision is found in Florida (chapter 5437, p. 119, Laws 1905).

In Illinois (Laws 1903, p. 301) it is the duty of the driver of "such automobile or vehicles to cause the same to come to a full stop."

In Indiana (chapter 258, p. 558, Laws 1907) he shall "immediately bring his motor vehicle to a stop and remain stationary."

In Kansas (chapter 67, p. 113, Laws 1903) he shall "proceed no farther towards such animal or animals but remain stationary so long as may be necessary," etc.

In Iowa (chapter 53, p. 44, Laws 1904) he shall "bring such motor vehicle immediately to a stop and, if traveling in the opposite direc-

tion, remain stationary so long as may be reasonable to allow such horse or animals to pass."

In Massachusetts (chapter 473, p. 507, Acts 1903) the driver shall reduce the speed of the automobile, and, "if requested by signal or otherwise by the rider or driver of such horse or horses, shall not proceed farther towards such animal unless such movement be necessary to avoid accident or injury, or until such animal appears to be under the control of its rider or driver, and in case of extreme fright, shall reduce the motive power to a full stop."

In Michigan (Laws 1905, p. 287, No. 196) the driver shall "guide such motor vehicle to the right of the wrought or traveled portion of the highway and immediately bring such motor vehicle to a stop, and if requested shall cause the motor of such vehicle to cease running so long as shall be reasonably necessary to prevent accident and insure the safety of others."

In Missouri (Laws 1903, p. 162) the automobilist is required, when necessary to prevent the frightening of horses, to "bring said automobile to a stop in order to give such driver or person an opportunity to alight from such vehicle, carriage or wagon."

In Montana (chapter 101, p. 223, Laws 1905) it is made the duty of the operator, when horses appear frightened, to reduce the speed of the "vehicle" and, "if requested by signal or otherwise, * * * shall not proceed farther towards such animal unless such movement be necessary to avoid accident or injury."

In Nebraska (chapter 129, p. 549, Laws 1905) the operator must "bring such motor vehicle immediately to a stop."

In New Hampshire (chapter 86, p. 498, Laws 1905) he must reduce speed of his vehicle and upon signal not proceed farther towards the animal and, "in cases of extreme fright, shall upon request reduce the motive power to a full stop."

In North Dakota (chapter 49, p. 78, Laws 1905) he shall "stop said automobile or motor cycle until the vehicle * * * has passed."

In Ohio (page 320, Laws 1906) he shall "bring such motor vehicle, cycle or bicycle immediately to a stop, and shall cause the motor * * * to cease running * * *" upon the request in case the horse appears badly frightened.

In Oregon (chapter 136, p. 245, Laws 1905) he shall on signal "not proceed further towards such animal unless such movement be necessary to avoid accident."

In Pennsylvania (page 217, Laws 1905) he "shall stop the motor vehicle."

In Rhode Island (chapter 1157, p. 36, Laws 1904) the operator, upon approaching horses which appear to be frightened, shall reduce his speed, "and in case of extreme fright shall reduce the motive power to a full stop."

In South Carolina (page 965, Laws 1905) the operator is required to stop the motor only on special requests.

It thus appears that the legislatures have very generally recognized the fact that stopping the vehicle or automobile does not necessarily involve stopping the motive power. It is easy to imagine conditions under which the stopping of the motor would increase the danger to all parties. If the machine was approaching a frightened horse on a steep grade, it might be necessary for the operator to retain his power in order to avoid serious injury to himself and the other occupants of the car. However this may be, we think that all the purposes of the statutes are accomplished by giving the language its ordinary significance and leaving the liability of the operator of the car for failing to stop his motor when the circumstances are such as to require it, in the exercise of ordinary care for the safety of others, to be governed by the general principles of the law of negligence. The failure to stop the vehicle upon signal is made negligence by the statute, and the operator is responsible for any damages proximately resulting from the failure to comply with the statute. But the failure to stop the machinery, although it may be making an unpleasant noise, may or may not be negligence according to the circumstances of the case. See generally House v. Cramer (Iowa) 112 N. W. 3, and Christy v. Elliott, 216 Ill. 31, 74 N. E. 1035, 1 L. R. A. (N. S.) 215, 108 Am. St. 196, annotated. It has been held that ordinary care may require the operator to stop the vehicle under some conditions, although the driver of the horse does not give him the signal to do so. Strand v. Grinnell (Iowa) 113 N. W. 488.

The trial court did not instruct the jury that under the circumstances it was negligence on the part of the defendant not to stop his motor,

but charged them that it was his duty to do so under the statute. The question whether the defendant was negligent in this respect should have been left to the jury to determine as a matter of fact. It is apparent from the manner in which the question was presented that the jurors rested the verdict upon what they were instructed was the statutory duty to stop the motor, and not upon any duty arising out of the circumstances of the case. The instruction was given in response to a request from the jurors after they had been for some time considering the case in the jury room. The special request shows what the jurors were considering, and the inevitable conclusion is that the erroneous instruction was prejudicial to the defendant.

The order is therefore reversed, and a new trial granted.