# SARAH WENDT v. BOWMAN & LIBBY.[1]

July 24, 1914.

Nos. 18,661—(185).

**Injury to pedestrian — contributory negligence — damages.**

Plaintiff was injured by being struck by an automobile. Peritonitis followed and phlebitis and pneumonia supervened. *Held:*

(1) That the evidence sustains the finding that the injury was caused by the negligence of defendant without contributory negligence on the part of plaintiff.

(2) That there is evidence to support the finding that these diseases resulted as a consequence of the injury.

(3) That the verdict is not so excessive as to justify this court in interfering therein.

(4) That the trial court did not abuse its discretion in refusing a new trial for misconduct of plaintiff's attorney.

(5) That there were no errors in the charge to the jury.

Action in the district court for Hennepin county to recover $15,000 for personal injury. The case was tried before Booth, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $6,182. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Watson & Abernethy,* for appellant.

*Frank H. Morrill,* for respondent.

TAYLOR, C.

This is an action to recover damages for injuries sustained by being struck by an automobile at a street crossing in the city of Minneapolis. Plaintiff had a verdict. Defendant made a motion

[1] Reported in 148 N. W. 568.

for judgment notwithstanding the verdict, and, in case such motions should be denied, that a new trial be granted. Both motions were denied and defendant appealed.

The evidence made the charge of negligence on the part of defendant and the countercharge of contributory negligence on the part of plaintiff questions for determination by the jury, and is sufficient to sustain the verdict.

Two weeks after the accident plaintiff was taken to a hospital where an operation was performed. The operation disclosed that her bowels were floating in pus and that a fallopian tube was diseased. This and the pus were removed. It appeared at the operation that she was suffering from peritonitis. Not long thereafter phlebitis and pneumonia also developed. Whether these diseases resulted from the injuries sustained in the accident or from independent causes was sharply contested and became the principal issue at the trial. The testimony of the attending physician strongly supported the contention of plaintiff. The testimony of two experts called by defendant strongly supported the contention of defendant. Where a question involving the weight of evidence has been determined by the verdict of a jury and such verdict has been approved by the trial court, this court is rarely justified in interfering therewith, even if its opinion as to the fact does not accord with that of the jury. Defendant insists that the attending physician based his conclusions upon conjecture merely, and not upon facts established by the evidence; and that the case is similar to and governed by the case of Mageau v. Great Northern Ry. Co. 106 Minn. 395, 119 N. W. 200, in which Justice Elliott remarked: "The difficulty with the plaintiff's case is that it rests entirely upon conjectures and beliefs, which do not seem to have any substantial, established facts back of them." In that case peritonitis developed after a stillborn child had been forcibly delivered by means of instruments, and the plaintiff, instead of attributing the infection to such cause, advanced the theory that it originated in an injury received nearly five months before, but that the germs remained comparatively innocuous until the injuries caused by the forcible delivery permitted them to spread through the system, when they became active and

virulent. The court held that a verdict based upon nothing more tangible than such a surmise could not be sustained. In the present case the evidence shows that plaintiff was in good health at and prior to the accident, and that after the accident she was sore and lame and grew worse, until her condition became so serious two weeks later that an operation became necessary. The operation disclosed that she was suffering from peritonitis. This disease may result from many causes, but the only basis for the contention that, in this instance, it resulted from causes other than the injury are the inferences drawn by defendant's experts from the conditions disclosed by the operation, and their testimony that it could not result from an injury of the character sustained by plaintiff. The attending physician testified that it could, and in his opinion did, result from such injury. The existence of the causes to which defendant sought to attribute the disease was negatived by the testimony of plaintiff. The jury have found that her contention is true and we cannot say as a matter of law that there is no substantial basis of fact for their conclusion. The verdict does not rest wholly upon conjecture as in the case cited.

The verdict is large and could not be sustained, unless based upon the disabilities resulting from the diseases which followed the accident. There is no controversy as to the fact that these diseases supervened. The jury have necessarily found that they were a consequence of the injuries received, and the evidence made the question a matter for them to determine. Even when based upon such disabilities the verdict is large, but plaintiff is a young woman 26 years of age, and in consequence of the phlebitis was walking with a crutch at the time of the trial, and may never recover from that disease. It is the province of the jury to determine the amount of damages. The amount fixed by them has been approved by the trial court, and under the facts and circumstances disclosed by the record we do not feel justified in interfering with it.

Defendant assigns certain improper conduct on the part of plaintiff's attorney as error. The conduct was improper and merited a rebuke, but the trial court held that it was not of sufficient importance to justify a new trial, and upon the facts shown by the record the

determination of the question was within the discretion of that court.

The charge to the jury clearly and correctly covered all issues in the case and the exceptions thereto are without merit.

Order affirmed.