# JOSEPH SCHAAR v. ROSS A. CONFORTH.[1]

February 19, 1915.

Nos. 19,021—(225).

**Statute — liability for violation — proximate cause.**

1. Where a statute is enacted for the protection of individuals, one who violates it is liable to those for whose protection it was intended for injuries proximately resulting from its violation; and the question of liability is a question of proximate cause.

**Motor vehicle — act of 1911.**

2. Applying this rule, it is *held* that under Laws 1911, c. 365, § 15 (G. S. 1913, § 2634), prohibiting the operator of a motor vehicle from passing a draft animal driven by a woman, child or aged person, at a greater speed than four miles an hour, one violating such statute is liable for the injuries proximately resulting to those for whose protection it was intended.

**Same — care to be exercised.**

3. The provision of Laws 1911, c. 365, §§ 13, 15 (G. S. 1913, §§ 2632, 2634), requiring the operator of a motor vehicle to bring his machine to a stop in certain instances is governed by the rule stated; and other provisions of said sections relative to the care to be exercised by the operator fix a standard of conduct the nonobservance of which is negligence.

**Same — stopping on signal.**

4. Under said sections requiring the operator of a motor vehicle to stop his machine when signalled by the driver of a rig which he is approaching, it is his duty to stop when the signal is given by an occupant of the rig though not the driver.

[1] Reported in 151 N. W. 275.

Note.—The question of the statutory duty of the operator of an automobile is treated in notes in 1 L.R.A.(N.S.) 223 and 4 L.R.A.(N.S.) 1130. And as to the duty of the operator of an automobile as to speed, see note in 38 L.R.A. (N.S.) 488.

Upon the duty of the operator of an automobile when horses are encountered on the highway, see notes in 1 L.R.A.(N.S.) 223, 224; 14 L.R.A.(N.S.) 251, and 48 L.R.A.(N.S.) 946.

**Act constitutional — speed limit.**

    5. The statute fixing the limit of speed in passing at four miles an hour is not unconstitutional as class legislation.

**New trial.**

    6. A new trial was rightly granted for error in submitting to the jury the question whether the tear duct of the injured child was destroyed, there being no evidence that it was.

Action in the district court for Wright county by the father of Gladys Schaar, a minor, to recover $9,300 damages for injuries received by her. The case was tried before Giddings, J., and a jury which returned a verdict for $2,500. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*F. H. Lindsley, M. A. Jordan* and *Latham & Pidgeon,* for appellant.

*W. H. Cutting,* for respondent.

DIBELL, C.

Action by plaintiff to recover damages for injuries sustained by his infant daughter some ten years of age. She was riding with three girl companions on a country road in a buggy, drawn by one horse, one of the girls driving. The defendant in his auto met and passed them. The horse ran away and the child was thrown out and injured. It is claimed that the defendant was in violation of a statute and was negligent and that his violation of the statute and negligence caused the injury. There was a verdict for the plaintiff. The court granted defendant's motion for a new trial and the plaintiff appeals.

A number of grounds for a new trial were assigned in the motion and they are proper to be urged in support of the order. One is determinative of the appeal; but in view of a new trial other questions presented by the record and argued by counsel are considered.

1. When the purpose of a statute is the protection of individuals one who violates it is liable to those for whose protection it was intended for injuries directly resulting from its violation. It is said that a violation of the statute is negligence *per se;* or that from its violation negligence is conclusively determined as a matter of law.

When there is such violation the question whether the acts of the one charged with liability, the statute aside, constitute negligence, is not debatable nor open to judicial inquiry. If the disobedience of the statute results in injury to one for whose protection it was passed, liability follows. The doctrine is illustrated by many cases: Judson v. Great Northern Ry. Co. 63 Minn. 248, 65 N. W. 447, where the engineer of a locomotive failed to give the statutory signal when approaching a railroad crossing; Davidson v. Flour City Ornamental Iron Works, 107 Minn. 17, 119 N. W. 483, 28 L.R.A.(N.S.) 332, 131 Am. St. 441, where there was a failure to guard machinery as required by statute; Meshbesher v. Channellene Oil & Mnfg. Co. 107 Minn. 104, 119 N. W. 428, where there was a sale in violation of the pure food statute; Weyl v. Chicago, M. & St. P. Ry. Co. 40 Minn. 350, 42 N. W. 24, where a train was run at a rate of speed forbidden by statute; Bott v. Pratt, 33 Minn. 323, 23 N. W. 237, 53 Am. Rep. 47, where a team was left unhitched in the street, contrary to an ordinance, and ran away and injured the plaintiff, a traveler on the street; Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543, 12 Am. St. 698, where a druggist sold a poison without labeling it as the statute required. There are occasional expressions to the effect that the violation of a statute is evidence of negligence; but the settled law is that if the violation of the statute results in injury to one for whose protection it was enacted there is liability. The doctrine stated is limited by the rule as to contributory negligence and assumption of risks when such rule is applicable.

Without discussing the basis of the doctrine, which is not involved in our present inquiry, but to avoid a misunderstanding from what we have said, it may be noted that the violation of a statute or ordinance is not held in this state conclusive evidence of contributory negligence. Thus in Day v. Duluth St. Ry. Co. 121 Minn. 445, 141 N. W. 795, the fact that the driver of an auto, injured by a collision with a street car, was not at the time of his injury driving at the right of the intersection point in turning from a street into a cross street, as required by statute or ordinance, was held only a circumstance to be considered with all the evidence in the case as bearing upon his contributory negligence. In Ericson v. Duluth

& Iron Range R. Co. 57 Minn. 26, 58 N. W. 822, it was held that the owner of stock allowing it to run at large in violation of statute was not as a matter of law prevented from recovering from a railroad company for its killing. In Oddie v. Mendenhall, 84 Minn. 58, 86 N. W. 881, the leaving of a horse attached to a buggy unhitched in a street, in violation of an ordinance, was held not conclusively to establish contributory negligence preventing the plaintiff, who was in the buggy and injured by a collision with a street car, from recovering.

2. It is provided, in part, by Laws 1911, p. 499, c. 365, § 15 (G. S. 1913, § 2634), as follows:

"The operator of a motor vehicle, upon meeting or overtaking any horse, or other draft animal, driven or in charge of a woman, child or aged person, shall not pass said animal at a rate of speed greater than four miles per hour."

The defendant concedes that he passed the rig in which the plaintiff was riding at a speed in excess of four miles an hour—a speed which he admits to have been from seven to ten miles per hour. We are brought to a determination of the effect of the failure of the defendant to observe the command of the statute. The provision of the statute is drastic. The legislature intended that it be so. Existing conditions invited an effective remedy. We have no hestitation in holding that the driver of a motor vehicle violating this statute in the respect mentioned is liable for such injuries as proximately result because of the excessive speed.

From this holding it must not be understood that the statute is a license to the driver always to pass at the speed indicated. The situation may be such that he is liable for passing at a less speed or in attempting to pass at all. In such event his conduct, in the absence of an applicable statute, is measured by the common law.

3. The section quoted in the preceding paragraph contains this further provision:

"Provided, that in case said animal exhibits any signs of fright, the operator shall bring his machine to a stop, and, upon request or raising of the hand of the person in charge of said animal, or in case said animal continues to exhibit signs of fright, or in case the

person riding, driving or leading said animal cannot control the same, the said operator shall stop the motor of such vehicle, so long as shall be reasonably necessary to prevent damage to property, or life or limb of such person or animal."

By G. S. 1913, § 2632, it is provided, in part, as follows:

"A person operating or driving a motor vehicle, shall, on signal by raising the hand, or by request, from a person riding, leading or driving a horse, or horses, or other draft animals, bring such motor vehicle immediately to a stop, and, if traveling in the opposite direction, remain stationary so long as may be reasonable to allow such horse or animal to pass, * * * provided that in case such horse or animal appears badly frightened, or the person operating such motor vehicle is so signalled or requested to do, such person shall cause the motor of such vehicle to cease running so long as shall be reasonably necessary to prevent accident and insure the safety of others."

The statutes quoted state a rule of conduct to be observed by the driver of an automobile. If the signal is given and the driver fails to observe the command of the statute that he stop, and injury comes because of it, liability results. In such case the principles stated in the preceding paragraph control. This particular question is substantially controlled by Mahoney v. Maxfield, 102 Minn. 377, 113 N. W. 904, 14 L.R.A.(N.S.) 251, 12 Ann. Cas. 289.

In stating the care which the driver must use the statute fixes the standard of conduct. A violation of it is negligence. The general obligation imposed is illustrated by similar provisions discussed in Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434; Johnson v. Young, 127 Minn. 462, 149 N. W. 940; Kling v. Thompson-McDonald Lumber Co. 127 Minn. 468, 149 N. W. 947; Daly v. Curry, supra, page 449, 151 N. W. 274. Whether signals were given was in dispute. The jury could have found either way. The defendant did not stop. The jury might have found that he did not exercise ordinary care in passing.

The court submitted the case to the jury along the general lines stated in this and the two preceding paragraphs and we see no substantial error.

4. The signals given the defendant were given by occupants of

the rig other than the driver by raising their hands. The statute must have a sensible construction. In our opinion it is not essential that the one holding the lines give the signal. It is enough if the signal is given by an occupant of the rig so that the auto driver is given fair warning that he should stop; and he should not be heard to quibble because the signal does not come from the driver. This is the holding in State v. Goodwin, 169 Ind. 265, 82 N. E. 459, decided under a similar statute. A precisely opposite conclusion was reached, under a similar statute, in Messer v. Bruening, 25 N. D. 599, 142 N. W. 158, 48 L.R.A.(N.S.) 945.

5. It is claimed that the statute prohibiting an auto passing a vehicle at more than four miles an hour is unconstitutional as class legislation. The statute is a police regulation. A statute confined to a class, if it applies generally to the class, and the classification is not based upon an arbitrary distinction, is not unconstitutional as class legislation. This statute is such a statute. Christy v. Elliott, 216 Ill. 31, 74 N. E. 1035, 1 L.R.A.(N.S.) 215, 108 Am. St. 196, 3 Ann. Cas. 487.

6. The court submitted to the jury as an element of damage whether the tear duct of the child was destroyed. There was no evidence that it was. The submission of the question was error. Because of it a new trial was rightly granted.

Order affirmed.