## WILLIAM S. SMITH v. EMIL C. BRUCE.[1]

### October 29, 1915.

### Nos. 19,438—(79).

**Negligence — collision between pedestrian and automobile.**

> In an action to recover damages sustained by the plaintiff, a pedestrian, in a collision with the automobile of the defendant on a public street, it is *held* that the evidence justified a finding of the jury that the defendant was negligent and did not require a finding that the plaintiff was negligent.

Action in the district court for Hennepin county to recover $10,000 for personal injury caused by being struck by an automobile driven by defendant, and $300 for medical and hospital expenses. The case was tried before Hale, J., who when plaintiff rested denied defendant's

[1] Reported in 154 N. W. 659.

---

Note.—As to reciprocal duty of operator of automobile and pedestrian to use care, see notes in 38 L.R.A.(N.S.) 487; 42 L.R.A.(N.S.) 1178; and 51 L.R.A.(N.S.) 990.

motion to dismiss the action, and a jury which returned a verdict for $1,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Mansfield & Jones,* for appellant.

*Duxbury & Pettijohn,* for respondent.

DIBELL, C.

Action to recover damages for personal injuries sustained by the plaintiff in a collision with the automobile of the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or for a new trial.

The plaintiff, a pedestrian, was on the west side of a north and south street in Minneapolis. He started towards the east side going in a northeasterly direction. The defendant was approaching with his automobile from the south. The plaintiff saw the defendant. The defendant saw the plaintiff. The plaintiff hastened along and finally ran as he approached the east side, thinking, he says, that he could get across in time. The automobile struck him as he was within a few feet of the east curb. The defendant claims that as he approached the plaintiff he practically stopped his auto; that the plaintiff stopped, apparently waiting for him to pass; that he then started his auto, and when he had it in motion the plaintiff jumped in front of it; and that he turned his auto toward the curb but was unable to avoid hitting the plaintiff. The plaintiff claims that the defendant drove his auto at a high rate of speed without stopping or slackening.

The evidence was such that the jury could take either theory as accounting for the accident. They could find that both the plaintiff and the defendant were negligent or that neither was, or they could find that the plaintiff was negligent and that the defendant was not; or they could find that the defendant was negligent and not find that the plaintiff was. The verdict represents the latter finding.

The case was accurately and fairly presented to the jury in a charge to which no exception was taken. The question of liability was one for the jury. The trial court approves the verdict and we see no reason to complain of it.

Order affirmed.