## MARY POWERS v. OLE O. WILSON.[1]

November 30, 1917.

Nos. 20,592.

**Negligence — contributory negligence — damages excessive.**

In this action to recover for personal injuries sustained by plaintiff in a collision with defendant's automobile, it is *held*:

(1) The evidence was sufficient to take to the jury the questions of the negligence of the driver and the contributory negligence of plaintiff, and to sustain the verdict for plaintiff.

(2) The damages are excessive.

(3) A claim of error in the charge considered and not sustained.

Action in the district court for Ramsey county to recover $31,300 for injuries received when struck by an automobile belonging to defendant and driven by his son. The answer alleged that plaintiff's injuries were caused solely on account of her own negligence. The case was tried before Dickson, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict

[1]Reported in 165 N. W. 231.

for $12,500. From an order denying his motion for judgment notwithstanding the verdict and for a new trial, defendant appealed. Affirmed on condition plaintiff consented to a reduction of the verdict to $10,000.

*Denegre & McDermott* and *Harry S. Stearns,* for appellant.

*John J. Kirby,* for respondent.

BUNN, J.

Plaintiff sustained personal injuries by being run down by defendant's automobile, driven by his son, and in this action to recover damages for such injuries, received a verdict of $12,500. The case is before us on defendant's appeal from an order denying his motion for judgment notwithstanding the verdict or a new trial.

There is no claim that defendant is not responsible for the negligence of his son. It is contended that the evidence of negligence on the part of the son was not sufficient to take that issue to the jury, that plaintiff was guilty of contributory negligence as a matter of law, and that the damages are excessive. There is also a claim of error in the court's charge.

A brief statement of the facts follows: Plaintiff was employed at a factory on the south side of University avenue just west of Syndicate avenue in St. Paul. On September 6, 1916, at about 9 p. m. she left her work to go to her home which was north of University avenue, crossing that street near the west side of Syndicate avenue. Other employees of the factory left at the same time. As plaintiff came to University avenue she looked both ways, saw lights in both directions some distance away, and proceeded to cross the street. She succeeded in crossing the two street car tracks in safety, and was then struck by defendant's automobile coming from the east; driven by defendant's son, a young man of 17. It was a rainy night. The wind shield of the car was in place, so covered with mist that the driver could see little through it. The lights of the automobile were dim, and not of much assistance to the driver in his view ahead, or much of a warning to pedestrians. There was evidence that the car was being driven at a speed of 20 or 25 miles an hour. The driver testified that he did not see plaintiff or any of the people on or near the crossing, though there were several there. The horn was not sounded. The force of the impact threw plaintiff

violently to the pavement; the car ran some 80 feet before it was stopped.

The evidence was amply sufficient to make the question of the driver's negligence one for the jury, and to justify the verdict on this issue. We reach the same conclusion on the question of contributory negligence.

The question of damages is troublesome, as it frequently is in these cases. Plaintiff was 29 years of age, and was earning $30 per month. Her injuries were serious. She was confined to the hospital for 17 weeks and to her bed at home 3 or 4 weeks more. After this and up to the time of the trial some 8 months after the accident plaintiff was able to get about on crutches. She sustained a spiral fracture of the upper end of the right femur near the hip. There was a union, but one leg is an inch and a quarter shorter than the other, and plaintiff will limp through life. She has suffered much pain. But we do not understand that she is incapacitated from earning a living at the work she was accustomed to do. We think the verdict is too large, and that it ought to be reduced.

Error is assigned in the court's giving to the jury the statutory provisions as to lights on automobiles at night, and as to slowing down and giving signals when approaching pedestrians. It is claimed that there was no evidence that the statutes or any of them had been violated. We do not sustain this contention.

The order appealed from is affirmed on condition that plaintiff, within 10 days after the remittitur goes down files her consent to a reduction of the verdict to $10,000. If such consent is not filed, a new trial is ordered.