## CARRIE I. BOWDEN v. RED TOP CAB COMPANY.[1]

### January 16, 1925.

### No. 24,272.

**On conflicting evidence verdict is conclusive.**

Where evidence of negligence of driver and contributory negligence of plaintiff was conflicting, and questions were for jury, the verdict for plaintiff was conclusive. [Reporter.]

Action in the district court for Ramsey county to recover $10,500. The case was tried before Sanborn, J., and a jury which returned a verdict for $7,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Harold G. Simpson* and *Jamison, Stinchfield & Mackall* and *L. P. McNally,* for appellant.

*Barton & Kamuchey,* for respondent.

PER CURIAM.

Plaintiff recovered a verdict for injuries sustained by being struck by one of defendant's motor cabs as she was crossing Marquette avenue along the northerly side of Eleventh street in the city of Minneapolis. Defendant appealed from an order denying its alternative motion for judgment non obstante or for a new trial.

Defendant assigns as error the portions of the charge relating to the statute governing the operation of motor vehicles upon public highways. The charge applied this statute correctly and was both clear and entirely fair. We find no error.

[1]Reported in 201 N. W. 632.

As is usual in such cases, the evidence upon the questions of negligence and contributory negligence is conflicting. If the accident happened as claimed by defendant's driver, plaintiff was negligent and he was not negligent. If it happened as claimed by plaintiff, reasonable minds could say that the driver was negligent and that she was not. Both questions were for the jury. They resolved both in favor of plaintiff, and we find no sufficient ground for disturbing their verdict.

When plaintiff rested, defendant moved for a directed verdict on the ground that plaintiff had not proven any negligence on the part of defendant, and urges the denial of that motion as error. We have no occasion to consider the state of the evidence at that time, as the case must be determined by the state of the evidence at its close.

Order affirmed.