## HATTIE MEYERS v. BERGER SWANSON.[1]

May 1, 1925.

No. 24,567.

**Right of pedestrian crossing at street intersection.**

Law imposes no duty upon pedestrian, when crossing street at proper place, to watch constantly automobile which turns corner without warning and strikes him. His rights are equal to those of driver, each being bound to exercise due care. Latter held liable for injury inflicted on plaintiff [Reporter.]

1. See Motor Vehicles, 28 Cyc. pp. 28, 29, 37.

Action in the district court for Hennepin county. The case was tried before Nye, J., and a jury which returned a verdict of $1,200 in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Maugridge S. Robb,* for appellant.

*C. E. Warner,* for respondent.

PER CURIAM.

While crossing Seventh street at its intersection with Nicollet avenue in the city of Minneapolis, plaintiff was struck and injured by an automobile driven by defendant. An action for damages followed in which plaintiff recovered a verdict. Defendant has appealed from a denial of his alternative motion for judgment or a new trial, and asserts here that the evidence established conclusively that plaintiff was guilty of negligence which contributed to cause her injury, hence defendant should have judgment notwithstanding the verdict.

Plaintiff was walking south and defendant was driving north on Nicollet avenue. Both were on the east side of the avenue. Plaintiff had nearly reached the curb on the south side of Seventh street when the automobile turned into Seventh street and struck her.

We have examined the record carefully and have reached the conclusion that defendant's contention cannot be sustained. The case is the common one where a pedestrian crossing a street is struck by an automobile turning the corner at the street intersection. The accident happened in the forenoon at one of the busiest street corners in Minneapolis. The evidence of defendant's negligence was persuasive and, unless it was plaintiff's

[1] Reported in 203 N. W. 624.

duty, when crossing a street at the proper place, to constantly keep her eyes on an automobile, which without warning turned the corner and struck her, the jury could hardly convict her of contributory negligence. Of course the law imposes no such duty upon a pedestrian. His rights are equal to those of the driver, each being bound to exercise reasonable care and to act with due regard for the rights of the other.

Affirmed.