# ARTHUR J. DOHM v. R. N. CARDOZO & BROTHER.[1]

December 4, 1925.

No. 24,882.

**Negligence of both drivers in collision of automobiles for jury.**

1. Upon an examination of the record in an action for damages arising out of an automobile collision it is *held*, that defendant's negligence was for the jury; that plaintiff's contributory negligence was for the jury; that the charge of the court was fairly correct.

**Burden on violator of statute, who is on wrong side of street in automobile collision, to prove justification.**

2. Defendant's presence on the wrong side of the street, causing an injury, creates liability unless excusable or justifiable. The burden of proving excuse or justification is on the person who has violated the statute. He is excusable if, without fault on his part, his automobile skids across the center line of the street.

**When liability follows violation of statute, irrespective of negligent conduct.**

3. Violation of a statute proximately resulting in injury to one for whose benefit the law was enacted, results in liability, irrespective of conduct constituting negligence. Schaar v. Conforth, 128 Minn. 460, followed.

**Rule in Minnesota when statute is violated by person for whom it was not enacted.**

4. The rule in this state is that the violation of a statute by a plaintiff, who is not one for whose protection the law was enacted, is not conclusive evidence of contributory negligence, but is merely a circumstance for the consideration of the jury.

1. See Motor Vehicles, 28 Cyc. p. 49.
2. See Motor Vehicles, 28 Cyc. p. 49.
3. See Motor Vehicles, 28 Cyc. p. 49.
4. See Motor Vehicles, 28 Cyc. pp. 37, 47 (Anno); Negligence 29 Cyc. pp. 439, 525.

[1]Reported in 206 N. W. 377.

Action in the district court for Ramsey county. The case was tried before Boerner, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Barrows & Metcalf*, for appellant.

*Douglas, Kennedy & Kennedy*, for respondent.

WILSON, C. J.

Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial. Plaintiff was given a verdict for $4,000 for personal injuries and damages to his automobile resulting from an automobile collision claimed to have been caused by defendant's negligence.

Pleasant avenue in St. Paul extends northeast and southwest. Sherman street intersects from the southeast. We will consider this case as if the streets were square with the world. Plaintiff was driving his Franklin sedan car westerly along the northerly side of Pleasant avenue. Defendant's employe was driving its truck easterly along the southerly side of the avenue. The avenue was paved with creosote blocks and the pavement was slippery. When plaintiff's car was about 70 feet east of Sherman street it became unmanageable and skidded to the left. He could not control it. It skidded southwesterly across the center line of the avenue and into the line of east-bound traffic. This automobile headed southwesterly, even though the front wheels were turned in a northerly direction. Plaintiff was driving at a moderate speed—6 to 12 miles per hour. When plaintiff's car began to skid defendant's truck was about 125 feet west of Sherman street or about 175 feet from the point of collision, which was at a point about 5 feet from the southeast corner of the street intersection. The front part of the truck struck the right rear wheel of plaintiff's car. The truck was traveling from 20 to 25 miles per hour. Plaintiff was thrown through the window of the door of his car and seriously injured.

Defendant's speed at street intersection, failure to stop or materially to reduce speed or to turn the truck in order to avoid a collision, presented a jury question as to the defendant's negligence.

It is urged that plaintiff was guilty of contributory negligence. His explanation of his situation is in substance this:

"The car became unmanageable and skidded to the left, and still sliding downward with the inclined street and became unmanageable to that extent, that jerking and twitching * * * I turned to keep the car headed on, which I did, and turned, keeping to the right, hoping that it would correct itself and right itself, but it kept on skidding in spite of me. It was skidding sideways to the left—I was unable to get it back, unable to control my car. I knew [the street] was wet and slippery. I tried to gradually put on the emergency—the foot-brake pedal, and gradually back and forth, to break that motion, but it was impossible, it continued to do the same—slide. The weight of the car, it seems, took it to the left. And I also kept pulling the steering wheel towards the right, hoping that it would right itself or pick ground and I could go to my right side again, but was unable to. I kept applying my foot-brake and releasing it, back and forth, on and off; not terrific but just on and off. I applied my emergency and blew my horn, and I threw my car into neutral lever. I did this because I saw the truck was coming such a rapid rate of speed that there was only one chance left, try my emergency, and I applied it tight and threw the shifting lever into neutral so there would be no power on my car—the motor." Plaintiff's version has some corroboration by other witnesses. We think this amounts to more than, as claimed by defendant, to say: "I couldn't help it." In our opinion the entire record presented a jury question as to contributory negligence.

The court in the charge to the jury in part said this:

"The evidence shows in this case conclusively that the plaintiff was to the left of the center of the street at the time of the collision. This, as I have already indicated, is negligence unless you find that some reasonable necessity required him to pass to the left of the

center of the street.   If you find that the plaintiff, while exercising
reasonable and ordinary care in the driving and in the control and
management of his car under all the conditions as they existed on
the street there at that time, was unable to avoid passing to the
left of the center of the street, then he would not be guilty of negli-
gence in so doing.   But if you find that he was not exercising rea-
sonable and ordinary care in the matter of the speed at which he
was driving, or in the matter of the management or control of his
car under the conditions of the traffic and conditions of the street
which existed there at that time, and you find that by reason of
this failure on his part to use reasonable and ordinary care he was
forced to go or did go to the left of the center of the street, then
he would be guilty of negligence."

Defendant has made this part of the charge the subject of assign-
ments of error.   It says that the court should have instructed the
jury in reference to plaintiff's contributory negligence:  (1) That
the presence of plaintiff on the left side of the street made a prima
facie case of negligence as a matter of law and (2) that this cast
the burden upon him to excuse or justify his presence there.

We must not lose sight of the fact that in certain cases the viola-
tion of an imposed statutory duty results in liability irrespective of
such conduct as would constitute negligence in the absence of a
statute.  Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Ben-
son v. Larson, 133 Minn. 346, 158 N. W. 426; Thomas v. Stevenson,
146 Minn. 272, 178 N. W. 1021; Farrell v. G. O. Miller Co. 147 Minn.
52, 179 N. W. 566; Elvidge v. Strong & Warner Co. 148 Minn. 185,
181 N. W. 346; Cohen v. Silverman, 153 Minn. 391, 190 N. W. 795;
Frederick v. McRae, 157 Minn. 366, 196 N. W. 270; Kennedy v.
Hedberg, 159 Minn. 76, 198 N. W. 302.   Liability in such cases rests
upon the fact that one for whose protection the law was enacted is
injured as the result of its violation.   Some of the decisions refer
to this liability as negligence per se.   Upon any theory it is recog-
nized as a delinquency.

The violation of such statutory law creates liability unless under
the circumstances of the particular case it is excusable or justifiable.

Conder v. Griffith, 61 Ind. App. 218, 111 N. E. 816; Cooke v. Jerome, 172 N. C. 626, 90 S. E. 767; Mora v. Favilla, 186 Cal. 199, 199 Pac. 17; Huddy, Autos. (7th ed.) § 211. It may be excusable where a driver unconsciously swerves to the left side of the road while enveloped in a cloud of dust. Johnson v. Prideaux, 176 Wis. 375, 187 N. W. 207. Ignorance of the fact that the tail light is not burning, where ordinary care has been exercised, is a sufficient excuse. Berkovitz v. American River Gravel Co. 191 Cal. 195, 215 Pac. 675. A defendant who has violated the statute has the burden of proving excuse or justification. He has the affirmative of the issue. His evidence in reference to this and the evidence opposed thereto may involve negligence. Failure to excuse or justify leaves his violation of the statute conclusive as to liability. Ordinarily facts which will excuse technical violation of the statute must result from causes beyond the control of the person charged with the violation. One's presence on the wrong side of the street is excused when without fault on his part the machine skids across the center line.

The main point now urged by appellant is that the plaintiff was guilty of contributory negligence because of the violation of the statute. Notwithstanding the rule as to a defendant's liability resulting from the violation of a statute which is the proximate cause of injury, it is a well established rule of law in this state that the violation of a statute or ordinance is not held conclusive evidence of contributory negligence—but merely a circumstance for the consideration of the jury. Day v. D. St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v. Conforth, supra; Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D, 628; Kennedy v. Webster, 137 Minn. 335, 163 N. W. 519; Heiden v. M. St. Ry. Co. 154 Minn. 102, 191 N. W. 254; Flaaten v. Lyons, 157 Minn. 362, 196 N. W. 418; Hackert v. Prescott, supra, page 134. The distinction seems to rest on the fact that the plaintiff in these cases, as in the case now under consideration, being the injured party, was not one for whose protection the law was enacted. Hence absolute liability, resulting from the violation, indicated in the decisions first herein cited did not follow. Those decisions would have justified a charge in ac-

cordance with the rule first above announced in reference to appellant's counterclaim, but the failure to receive such charge is not the basis of this appeal. Its application is sought to contributory negligence, to which under the established rule it has no application. Plaintiff claimed his presence in the forbidden territory in the instant case was due to skidding. Upon the record it was for the jury to say whether the plaintiff's presence on the wrong side of the street was due to skidding and whether plaintiff had been in fact negligent.

Upon the facts being found by the jury as claimed by plaintiff to the effect that his place in the street was due to unavoidable skidding, the statute (section 2708, G. S. 1923), requiring vehicles to keep to the right of the center of the street would have no application. Chase v. Tingdale Bros. 127 Minn. 401, 149 N. W. 654. In that event there would be no violation of the statute.

Affirmed.