## EMMA SANDHOFNER v. J. B. CALMENSON.[1]

January 21, 1927.

No. 25,814.

**Error to instruct jury that violation of speed statute is evidence of negligence.**

In an action to recover for death resulting from alleged negligence of defendant in operating his automobile upon a public street and failing to comply with the statute, *held*

Error to instruct the jury that "a violation of this statute is evidence of negligence" instead of "a violation of the statute is negligence."

Motor Vehicles, 28 Cyc. p. 37 n. 19; p. 49 n. 46, 49.

See note in 25 L. R. A. (N. S.) 40; 34 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993; 2 R. C. L. 1192; 1 R. C. L. Supp. 728; 6 R. C. L. Supp. 132.

Plaintiff appealed from an order of the district court for Ramsey county, McNally, J., denying her motion for a new trial. Reversed.

*Humphrey Barton*, for appellant.

*Bundlie & Kelley*, for respondent.

QUINN, J.

Action to recover damages for the death of plaintiff's intestate resulting from injuries caused by the alleged negligence of defendant in operating his automobile upon Grand avenue in the city of St. Paul on September 25, 1925. There was a verdict for defendant. Plaintiff appealed from an order denying her motion for a new trial.

Decedent was riding in an automobile, owned and driven by a fellow workman, from their place of work, easterly along Grand avenue. The car stopped on the south side of the avenue opposite decedent's home and he got out and started to cross over to his home when he was struck by an automobile owned and driven by

[1]Reported in 212 N. W. 11.

the defendant, receiving injuries from which he died three days later.

From our view of the trial it is necessary, in determining this appeal, to consider but the assignment of errors relating to the charge of the court to the jury which in our opinion requires the granting of a new trial. The locality where the accident occurred is a residential district. There were three eye witnesses to the accident, two of whom were called as witnesses by plaintiff, and the defendant who testified on his own behalf. The issues were as to the speed of the defendant's car, the control thereof, the sounding of a warning and the slowing up of the car when approaching a pedestrian in the street. As to these matters the testimony was in conflict. The evidence was such as to make a question for the jury as to the alleged negligence of the defendant and contributory negligence of decedent.

In submitting the issues to the jury, the learned trial court, among other things, said:

"It is provided by statute in this state that 'No person shall operate any vehicle upon any public highway so as to jeopardize or endanger life, limb or property, and no person shall drive a motor vehicle upon any highway at a speed greater than is reasonable and proper, having regard to the traffic and the use of the highway.' A violation of this statute is evidence of negligence."

It is contended on behalf of appellant that the last sentence of the charge quoted: "A violation of this statute is evidence of negligence," was prejudicial error, contending that such a violation of the statute is negligence.

In denying appellant's motion for a new trial, the court stated in its memorandum that the instruction as given was technically incorrect, but that it was of the opinion that when the charge as a whole was taken into consideration it fully and fairly submitted the issues to the jury, and therefore denied the motion. A careful consideration of the entire charge convinces us that another trial should be had. The language quoted from the charge wherein the court states: "A violation of this statute is evidence of negligence," is

clearly wrong. It has been repeatedly held in this state that such a violation of the statute constitutes negligence as a matter of law. Whether such negligence was the proximate cause of the injury was, of course, for the jury. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566; McMahon v. Flynn, 154 Minn. 326, 191 N. W. 902; Frederick v. McRae, 157 Minn. 366, 196 N. W. 270; Dohm v. Cardozo, 165 Minn. 193, 206 N. W. 377.

There was a general verdict so it is quite impossible to say that the error in the charge did not affect the result. The presumption is that it did affect the verdict. It is the rule of this court not to reverse for errors in the charge when it fairly appears from the charge as a whole that the jury was not misled by a technical error, but in the present case the error was fundamental and was repeated, and we think it was such error as to require a new trial. Maebren v. G. N. Ry. Co. 98 Minn. 375, 107 N. W. 951.

At the close of the charge, counsel for appellant said, in the presence of the jury:

"I desire to take an exception to the court's charge as to a violation of the statute by the defendant would be evidence of negligence. I claim that it is negligence, any violation. It is only a question as to whether such violation was the proximate cause of the injury; and if so, the defendant is liable.

"The Court: I think I shall leave the charge as it stands."

The other assignments of error need not under this view of the case be discussed.

Reversed.

STONE, J. (dissenting).

I dissent because of my agreement with the learned trial judge that the error, under the circumstances of this case, must have been without prejudice.