## HENRY J. SAUNDERS v. YELLOW CAB CORPORATION OF MINNESOTA.[1]

December 12, 1930.

No. 28,111.

*Boutelle, Bowen & Flanagan,* for appellant.

*Hursh & Johnson,* for respondent.

[1]Reported in 233 N. W. 599.

Olsen, J.

Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial. While Mr. Buffington as receiver of the Yellow Cab Corporation has, since the trial, been substituted as defendant, we speak of the corporation as the defendant.

Plaintiff sued to recover damages for personal injuries claimed to have been caused by the negligence of the driver of one of defendant's cabs, and recovered a verdict.

The sufficiency of the evidence to sustain the verdict is challenged on two points: (1) That it is insufficient to sustain the finding that the driver of the cab was negligent and thereby caused plaintiff's injury; (2) that the evidence shows as a matter of law that plaintiff was guilty of contributory negligence.

The accident happened at about seven a. m. on December 24, 1928, on the wide street formed by the joining of Nicollet and Hennepin avenues in Minneapolis at a point some 40 feet northerly of the intersection of said avenues with First street. The morning was somewhat foggy, and daylight had not fully arrived. The street was wet and slushy, the street lights were burning, and street cars and many automobiles had their headlights on. The headlights on defendant's cab were on. There were double street car tracks coming down Hennepin avenue from the south and running northerly, a little west of but near the center of the joined avenues. According to plaintiff's testimony, which the jury had the right to accept, he was walking diagonally across the joined avenues in a northwesterly direction from the northeast corner of Nicollet avenue and First street. He was not on any cross-walk. When he came to the easterly street car track a street car coming from the south on that track was close at hand, and he stopped some three or four feet from the track to permit it to pass; and, while there standing and just as the street car had about passed, he was struck and knocked down by defendant's cab. He was looking to the north or northwest and did not see the cab until it was upon him. He heard the cab driver sound the horn, but the cab was then so close

that he could not get out of its way. The cab driver to some extent corroborates plaintiff as to the nearness of the cab when the horn was sounded by testifying that he did not see the plaintiff until he was within eight or ten feet of the cab. There is testimony that the tracks of the cab indicated that it had skidded forward for some distance.

■ Generally, where a pedestrian is run into and injured by an automobile upon a public street or highway, the issues of the negligence of the driver and the contributory negligence of the person injured are questions of fact for the jury. Particular facts and circumstances, conclusively shown, may make one or both issues questions of law for the court. Arseneau v. Sweet, 106 Minn. 257, 119 N. W. 46; Wendt v. Bowman & Libby, 126 Minn. 509, 148 N. W. 568; Smith v. Bruce, 131 Minn. 51, 154 N. W. 659; Hade v. Simmons, 132 Minn. 344, 157 N. W. 506; Powers v. Wilson, 138 Minn. 407, 165 N. W. 231; Roberts v. Ring, 143 Minn. 151, 173 N. W. 437; Offerman v. Yellow Cab Co. Inc. 144 Minn. 478, 175 N. W. 537; Gibson v. Gray Motor Co. 147 Minn. 134, 179 N. W. 729; Shearer v. Dewees, 151 Minn. 380, 186 N. W. 793; Stoneman v. Washburn-Crosby Co. 153 Minn. 331, 190 N. W. 605; Quinn v. Heidman, 157 Minn. 129, 195 N. W. 774; Flaaten v. Lyons, 157 Minn. 362, 196 N. W. 478; Bowden v. Red Top Cab Co. 161 Minn. 528, 201 N. W. 632; Meyers v. Swanson, 163 Minn. 508, 203 N. W. 624; Pollock v. McCormick, 169 Minn. 55, 210 N. W. 630; Anderson v. Duban, 170 Minn. 155, 212 N. W. 180.

■ The undisputed fact that plaintiff was crossing the street in the middle of the block or at a place not on a crossing or cross-walk intended for pedestrians did not absolve the cab driver from his duty to exercise ordinary care. Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484; Carlson v. F. A. Martoccio Co. 179 Minn. 332, 229 N. W. 341. The fact that plaintiff was on a part of the street where it was the duty of pedestrians to yield the right of way to automobiles, under 1 Mason, 1927, § 2720-18(c), did not make plaintiff guilty of contributory negligence as a matter of law. Day v. Duluth St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v.

Conforth, 128 Minn. 460, 151 N. W. 275; Heiden v. Minneapolis St. Ry. Co. 154 Minn. 102, 191 N. W. 254; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Carlson v. F. A. Martoccio Co. 179 Minn. 332, 229 N. W. 341. Whether plaintiff was negligent in failing to watch for approaching cars was for the jury.

We find nothing in this record to make either the issue of the driver's negligence or the issue of plaintiff's contributory negligence a question of law, and hold that both issues were questions of fact for the jury and that the verdict returned thereon is sustained by the evidence.

■ Defendant complains of several portions of the court's charge. The court submitted to the jury two claims of negligence: That the driver of the car was negligent in failing to keep the car under reasonable or proper control and that he negligently ran the car upon and against the plaintiff. It is said that negligently running the car upon and against the plaintiff is not alleged in the complaint. Properly construed, we find that the complaint does so charge. It is further urged that an allegation that the driver negligently ran the car upon and against the plaintiff is not a charge or ground of actionable negligence, because it does not sufficiently specify the negligence nor charge the violation of any specific duty.

The statute, 1 Mason, 1927, § 2720-3(a), imposes upon every person driving a motor vehicle upon a public street or highway the duty to exercise ordinary care in driving and to operate the vehicle so as not to endanger or be likely to endanger any person or property. It was not necessary to allege in the complaint that the defendant and its driver owed to plaintiff the duty of exercising ordinary care in driving and to so operate the cab as not to endanger or be likely to endanger any person or property. The courts take judicial notice of the statutes of the state as well as the common law here in force.

The cause of action in these negligence cases is the violation of the ultimate duty to exercise due care that another may not suffer injury. McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 149

N. W. 131, L. R. A. 1916D, 1164; Hollander v. Dietrich, 181 Minn. 376, 232 N. W. 630. Under the statute cited and our prior decisions, the allegation that the driver negligently ran the cab upon and against the plaintiff is a sufficient charge of actionable negligence and is sufficiently specific in the absence of any motion to make the complaint more definite. Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434; Baufield v. Warburton, 181 Minn. 506, 233 N. W. 237. The court did not err in submitting this charge of negligence to the jury.

Other assignments of error as to the charge are found not well taken. There was no prejudicial error or misconduct of plaintiff's counsel in the matter of certain evidence which the court struck out and directed the jury to disregard.

Order affirmed.