# ANNA PETERSON v. M. O. MILLER AND ANOTHER.[1]

February 20, 1931.

Nos. 28,153, 28,191.

[1]Reported in 235 N. W. 15.

· *Davis, Michel, Yaeger* and *McGinley* and *P. M. Meehl,* for appellant.

*Victor E. Anderson,* for respondents.

DIBELL, J.

Action by the plaintiff, Anna Peterson, as mother and natural guardian of her daughter Lila Peterson, to recover damages for injuries sustained by her when struck by an auto driven by the defendant Arvid Miller and alleged to be owned by the defendant M. O. Miller, his father, and used as a family car; and an action by the mother for medical services and hospital expenses incurred by her and attendant upon the injury. There was a verdict for the plaintiff in both actions. Upon the motion of the defendants there was a judgment for the defendants in each action notwithstanding the verdict, and the plaintiff appeals from the judgments.

The injured girl, Lila Peterson, was 15 years of age. She was a sophomore in the high school at Minneota. On April 29, 1929, a little after four in the afternoon, just as school closed, she left the high school, which faced an east and west street at the south of the school grounds, and went across to the south curb to arrange for a ride home, five or six miles in the country, in an auto used by a student living in her neighborhood. There were eight or ten automobiles, used by the students living in the country, parked next to the school side of the street, facing west, and fewer were on the south side facing east. She arranged for the ride and started on her return to the north side, going a little northwesterly, to join the girls with whom she had parted. The defendant Arvid Miller had his auto parked facing west on the north side of the street and farther east. He was a high school student. He started west and came into collision with the girl. She was struck on her right side by the left front fender. He claims that he was within the north half of the street and had the right of way. She

claims that she was a few feet north of the south curb when struck, just a step or a few steps away from the auto where she had been.

The evidence sustains a finding that the driver was on the southerly or left-hand side of the street. The uniform highway traffic act requires the driver to keep on the right-hand side. L. 1927, p. 563, c. 412, § 9, 1 Mason, 1927, § 2720-9. There was much evidence that he did, and it might occur to many that the preponderance was so; but the fact was for the jury, and its finding is sustained. The statutory requirement is for the benefit of others on the street, and if the driver violates it responsibility follows for the proximate result of his delinquency, which we conveniently call negligence. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Unmacht v. Whitney, 146 Minn. 327, 178 N. W. 886; Elvidge v. Stronge & Warner Co. 148 Minn. 185, 181 N. W. 346; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206. N. W. 377; Sandhofner v. Calmenson, 170 Minn. 69, 212 N. W. 11; Edblad v. Brower, 178 Minn. 465, 227 N. W. 493; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 4162a, 4164a, and cases cited. The evidence sustains a finding of fault or negligence in driving on the wrong side of the street proximately causing the injury.

■ Aside from the effect of the statute, the evidence sustains a finding that the boy was negligent in failing to avoid an injury. The street was 37 feet wide. The autos on each side occupied a space of five or six feet. He took his car from where it was parked and started west. He says he did not see the girl but that she ran into the car. He thinks he was going ten miles an hour. She was thrown eight or ten feet to the southwest. His car ran on 50 feet west. The school was just out, he was one of the school boys, and he knew the conditions. School grounds are warnings to auto drivers. Naturally enough he would look most to his right; but his seat was on the left, and there were autos parked at the southerly curb. Even if he kept on the right-hand side of the street and though he had the right of way, he was not absolved from the duty of keeping a lookout and exercising ordinary care toward those on the street. Saunders v. Yellow Cab Corp. 182 Minn. 62, 233

N. W. 599, where the cases are collected. Particular circumstances may make the question one of law.

■ The defendants claim that the girl was negligent as a matter of law and that her negligence proximately contributed to her injury. The claim is that the facts bring the case within the rule that looking she must have seen and not seeing she did not look; therefore either she saw or did not look. Her testimony is that she had her foot on the footboard of the car which was parked at the south curb, that she looked both ways and then started across, somewhat northwesterly, and was hit when she had gone a step or two; and it appears that she was hit on the right side by the front end or corner of the fender. We cannot say as a matter of law that the injured girl was guilty of contributory negligence. She had a right to use the street, and if she was on the south side of the center it cannot be said that she must have anticipated that a car going west would come on the south side. The case is not within Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145. Nor do we think it is within DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350. Usually the questions of negligence and contributory negligence in a collision between a pedestrian and a vehicle are for the jury. Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599, and cases cited.

■ There remains the question whether as a matter of law the injured girl was guilty of contributory negligence or fault or delinquency, in not observing the statute, so as to prevent a recovery. It was upon the ground that there was such negligence that the court granted judgment notwithstanding.

The uniform highway act of 1927, 1 Mason, 1927, § 2720-18(c) provides:

"Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, crosswalk or intersection shall yield the right of way to vehicles upon the highway."

Recently in considering this statute in Saunders v. Yellow Cab Corp. 182 Minn. 62, 64, 233 N. W. 599, 601, the court, by Mr. Justice Olsen, said:

"The fact that plaintiff was on a part of the street where it was the duty of pedestrians to yield the right of way to automobiles, under 1 Mason, 1927, § 2720-18(c), did not make plaintiff guilty of contributory negligence as a matter of law. Day v. Duluth St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Heiden v. Minneapolis St. Ry. Co. 154 Minn. 102, 191 N. W. 254; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Carlson v. F. A. Martoccio Co. 179 Minn. 332, 229 N. W. 341. Whether plaintiff was negligent in failing to watch for approaching cars was for the jury."

There was a like holding in Hollander v. Dietrich, 181 Minn. 376, 232 N. W. 630, where the statutory duty of a pedestrian to yield the right of way was noted. Whether the injured girl was on the southerly half of the street or the northerly side, she might cross without being an outlaw or as a matter of law being charged with contributory negligence. If a pedestrian does not yield the right of way effectively his failure to do so is a circumstance to be considered upon the question of his negligence; and in a conceivable case his failure may charge him with negligence as a matter of law; and it may have a bearing upon the question whether the driver is negligent. The injured girl was naturally impulsive and not of the guarded judgment of older people. It is going too far to hold under circumstances such as are presented to us that she was guilty of contributory negligence as a matter of law. That was for the jury. No question is made of the liability of both defendants if Arvid is liable.

On the going down of the remittitur both cases stand for judgments on the verdicts.

Judgments reversed.