MARION RANDOLPH STAPP v. EDWARD C. JERABEK.[1]

January 16, 1920.

No. 21,523.

**Negligence of driver — verdict sustained by evidence.**

1. In action for personal injuries, suffered by plaintiff as a result of a rear end collision with an auto-truck by a motor-cycle, driven by him, which collision was caused by the sudden slackening of the speed of the truck in turning the same around in the middle of the block, without notice by extending the hand of the operator or otherwise, it is *held*, following O'Neil v. Potts, 130 Minn. 353, that the evidence supports the verdict.

**Damages not excessive.**

2. The damages are not so excessive as to justify interference by this court.

Action in the district court for Ramsey county to recover $13,500 for personal injuries. The answer alleged negligence on the part of plaintiff. The case was tried before Haupt, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $3,485. From an order denying his motion for

[1] Reported in 175 N. W. 1003.

judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Denegre, McDermott & Stearns,* for appellant.

*William H. Seward, Sanborn, Graves & Appel* and *T. P. McNamara,* for respondent.

BROWN, C. J.

Action for personal injuries in which plaintiff had a verdict and defendant appealed from an order denying his motion for judgment or a new trial.

There is no substantial dispute in the evidence upon the issue of negligence and the jury were justified in finding the following facts: Defendant was operating an auto-truck in a northerly direction on Rice street in the city of St. Paul, running at about 20 miles an hour. Plaintiff was following on a motor-cycle. At a point midway of the block between Carbon and South streets defendant suddenly and without warning of any kind, by extending his hand or otherwise, slackened the speed of the truck and abruptly steered to the left, for the purpose of turning the truck to return into the city. Plaintiff was close behind at the time and defendant was aware of his presence riding the motor-cycle. The suddenness of the act of defendant in attempting to turn his truck, without previously giving the customary warning by extending his hand, caused plaintiff's motor-cycle to collide with the rear thereof with such force and violence as to throw plaintiff to the curb and street pavement, causing the injuries complained of. Plaintiff made every effort to avoid the collision after discovering the movement of the truck, but was unable to do so.

The evidence brings the case within the rule stated and applied in O'Neil v. Potts, 130 Minn. 353, 153 N. W. 856. There is no fair doubt of the negligence of defendant. He knew that plaintiff was following him, and his failure to give the customary warning is unexcused. The record is not so clear as to the contributory negligence of plaintiff. But a careful reading of the evidence leads to the conclusion that the question whether he contributed to the accident and resulting injury by the reckless operation at a dangerous speed of his motor-cycle was one of fact

and properly submitted to the jury. We find no sufficient basis for interference with the verdict.

The point that the damages are excessive and given under passion and prejudice is not sustained. The evidence as to the nature and character of plaintiff's injuries is conflicting, as far as the medical testimony is concerned, and, if that tendered by plaintiff expresses the truth, a question for the jury, the damages are not beyond fair compensation. The trial judge has approved the amount and we are not prepared to say that in so doing there was an abuse of the discretion vested in him in such cases. Viou v. Brooks-Scanlon Lumber Co. 99 Minn. 97, 108 N. W. 891.

Order affirmed.