## WALTER S. ELVIDGE v. STRONGE & WARNER COMPANY AND ANOTHER.[1]

February 4, 1921.

No. 21,991.

**Negligence in turning street corner — violation of statute.**

1. A truck of defendants, turning to the left at a street corner, collided with plaintiff's motorcycle. From the evidence the jury might find that the truck was traveling in the center of the street and, in turning, kept to the left of the street intersection. Such conduct is in violation of a statute and constitutes negligence per se.

**Contributory negligence—evidence.**

2. Plaintiff attempted to pass defendants' truck at the street crossing without giving any signal. The court, in effect, charged that this was negligence. The evidence is not conclusive that this conduct of plaintiff contributed to the collision. The truck driver may have had knowledge of plaintiff's approach. He denied it, but testified that he was looking in plaintiff's direction. The jury might find that he saw plaintiff.

[1]Reported in 181 N. W. 346.

**Evidence of custom admissible.**

    3. Evidence of a custom of auto drivers to extend the left hand, before turning a corner to the left, was properly received and submitted to the jury.

**Request to charge inexact.**

    4. A requested instruction that, if plaintiff undertook to pass the truck without giving a signal, he cannot recover, was too broad, since it overlooked the element of causal relation between this conduct and the accident. In substance the subject had been properly covered.

**Contributory negligence — question for jury.**

    5. The fact that plaintiff was traveling to the left of the center of the street, if it constituted negligence, was not conclusive against plaintiff, since the jury might find that this conduct did not help to cause the accident.

**Whether damages are excessive.**

    6. The jury might find from the evidence that plaintiff's injury caused an incurable ailment of the heart. If so, the damages are not excessive.

Action in the district court for Ramsey county to recover $32,150 for injuries received in a collision between plaintiff's motorcycle and defendant's motor truck. The case was tried before Haupt, J., who when plaintiff rested denied defendants' motion to dismiss the action, and a jury which returned a verdict for $8,032.75. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

    *Russell P. Fischer, C. D. O'Brien* and *Lightner & Young,* for appellants.

    *Morphy, Bradford & Cummins,* for respondent.

HALLAM, J.

Plaintiff, a motorcyclist, recovered a verdict for damages sustained in a collision with an auto truck belonging to defendant Stronge & Warner Company and driven by defendant Fitzgerald. Defendants appeal.

1. Plaintiff's evidence is as follows: The truck was driven west on Dayton avenue. It was going almost in the center of the street. Plaintiff undertook to pass the truck, going about 8 feet to the left of it.

When they reached the intersection of Mackubin street, the motorcycle was a little in front of the center of the truck. Then without any warning the truck turned suddenly to the left on to Mackubin street, turning to the left of the center of the intersection, and struck and injured plaintiff. From this evidence the jury might find that defendant was violating the statute which requires all vehicles, in turning a corner, to keep to the right of the intersection. G. S. 1913, § 2634. The violation of this statute was negligence per se. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275. In addition to this the jury might properly find that the driver of the truck was negligent in turning suddenly and without warning.

2. Defendants contend that plaintiff's contributory negligence was conclusively established.

G. S. 1913, § 2632, provides that "every motor-vehicle operated upon the public highway * * * shall be provided with * * * a suitable adequate bell, horn or other device for signaling" and that "upon approaching an intersecting highway, or a curve or a corner in a highway where the operator's view is obstructed, every person operating a motor-vehicle shall slow down and give a timely signal with his bell, horn or other device for signaling." Plaintiff gave no signal at any time and had no signaling device.

Defendant contends that this statute imposed an absolute duty on plaintiff to give timely signal by bell, horn or other signaling device on approaching this intersection. It is doubtful whether this statute applies to a motor-vehicle approaching a street intersection where the view is unobstructed. But the trial court agreed with defendants and charged the jury that the duty of plaintiff was absolute to give a signal as he was approaching Mackubin street, and in effect charged that plaintiff's failure to do so was negligence per se, but submitted to the jury the question, to what extent, if at all, plaintiff's failure contributed to the collision. In finding for plaintiff the jury must have found that plaintiff's failure in this particular did not contribute to the collision.

The verdict is determinative of this issue, unless it conclusively appears that plaintiff's failure to give a signal contributed to the collision. We cannot say that it does. The driver may have had knowledge of plaintiff's approach. If so, a signal might be of no service to him. It is

true defendant Fitzgerald testified that the first he saw of plaintiff was after the collision. But the testimony on behalf of defendants was that Fitzgerald "had been looking back right along," as he approached Mackubin street. Plaintiff was in plain sight. The jury could find that he saw plaintiff notwithstanding his testimony to the contrary. Havel v. Minneapolis & St. L. R. Co. 120 Minn. 195, 139 N. W. 137.

3. It was not error to receive evidence of a custom among drivers of automobiles to give a signal by extending the left hand before turning to the left at a street corner. The evidence of this custom was sufficient and was practically admitted by defendant Fitzgerald.

It was not error to submit to the jury the question whether this custom existed and its bearing on the question of defendants' negligence. Failure to conform to this custom may constitute negligence. O'Neil v. Potts, 130 Minn. 353, 153 N. W. 856; Stapp v. Jerabek, 144 Minn. 439, 175 N. W. 1003.

4. Defendants asked the court to instruct the jury as follows:

"It was the duty of the plaintiff, if he intended or undertook to pass defendant's truck on the street at the time of the occurrences complained of, to give to the persons in charge of the truck notice or signal to advise them of his intention to pass the truck, and if he did not do so, then he is guilty of negligence and cannot recover."

The refusal of the court to give this instruction is assigned as error. It is the duty of the driver of a motorcycle, desiring to pass another traveler from the rear, to give some signal indicative of that desire when the driver of the front vehicle is not otherwise apprised of his approach. Dunkelbeck v. Meyer, 140 Minn. 283, 167 N. W. 1034. Such an instruction would have been appropriate in this case. But there was no error in refusal to give the requested instruction for the following reasons:

The court did instruct the jury that the statute imposed on plaintiff the duty of giving a signal when approaching Mackubin street. This, in practical effect, was the same as instructing them that it was his duty to give a signal when passing the truck, for it was when approaching Mackubin street that he was passing the truck.

The requested instruction overlooks the element that the driver of the truck may have been otherwise apprised of the approach of plaintiff.

The requested instruction states absolutely that failure to give the

signal bars recovery, overlooking entirely the element of causal relation between plaintiff's failure and the accident.

5. Defendants contend that plaintiff was negligent in traveling to the left of the center of the street. The court instructed the jury that "all vehicles * * * must keep to the right of the center of the street," and further that if plaintiff was guilty of negligence that helped to bring about or cause the accident, then the plaintiff should not recover.

The court was not asked to charge any more specifically on this subject. The charge was, in effect, an instruction that plaintiff was negligent in traveling to the left of the center, and a submission of the question of whether this helped to cause the accident. Defendants could not ask more.

The jury must have found that this conduct of plaintiff did not help to cause the accident. On the evidence, they might so find. They might have found that defendants, by traveling in the center of the street, compelled plaintiff to travel to the left of the center. If so, defendants cannot complain of his doing so. They might also have found that the position of the vehicles as they traveled up Dayton avenue was in no sense the cause of this accident.

6. Defendants claim the damages are excessive. Plaintiff is now afflicted with a disease of the heart called angina pectoris, an incurable ailment. If the injury caused this condition, the damages are not excessive. If not, they are excessive. Prior to this accident, plaintiff had had no heart trouble and was in perfect health. In the collision he was thrown to the ground and was struck right over his heart. Thereafter he had pains there all the time for several days and headaches. In about two weeks he commenced to have dizzy spells. He has had them from time to time ever since, gradually growing stronger and more frequent. These are symptoms of angina pectoris. Dr. Lepak, one of plaintiff's witnesses, a young physician and a reputable specialist on internal medicine, testified that violence is one of the causes of angina pectoris, and gave it as his opinion that in plaintiff's case the accident was the cause of this ailment. Defendants produced two reputable physicians who testified that, in their opinion, angina pectoris is never produced by external violence. One of them said, however, that angina pectoris frequently comes when a person is exerting himself violently, and that vio-

lent exertion is frequently an exciting cause of the spell. Dr. Lepak was a physician of about two years' practice. Defendants' physicians were much older in practice. We find nothing however to discredit Dr. Lepak. The sequence of events tends to sustain his opinion. The testimony presents an issue of fact as to whether the injury caused plaintiff's ailment, and we find no occasion to disturb the jury's verdict. The case is quite different in this particular from State v. District Court of Carver County, 145 Minn. 444, 177 N. W. 644.

Order affirmed.