## MARGARET BONDERSON v. NELS BONDERSON.[2]

October 28, 1921.

No. 22,402.

**Assault and battery — verdict excessive.**
    1. A verdict of $4,000 for assault and battery *held* so excessive, in view

[1]Reported in 184 N. W. 964.                    [2]Reported in 184 N. W. 836.

of the evidence, as to demonstrate that the jury gave it under the influence of passion and prejudice.

**New trial preferable to reduction of verdict.**

2. In such a case, and where the record indicates the existence of available testimony to furnish a proper basis for the assessment of damages, a new trial should be ordered rather than a reduction of the verdict.

Action in the district court for Chisago county to recover $11,000 for assault and battery. The case was tried before Searles, J., and a jury which returned a verdict for $4,000. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Barrows & Metcalf,* for appellant.

*H. D. Blanding, W. T. Kennedy* and *W. S. Irving,* for respondent.

HOLT, J.

Plaintiff recovered a verdict against defendant, her brother-in-law, of $3,500 compensatory and $500 punitive damages for assault and battery. Defendant moved for a new trial on the ground of excessive damages given under the influence of passion and prejudice, and for errors in the admission of evidence and also in the charge.

The defendant lived with his father and mother upon a farm leased by him to his brother, plaintiff's husband. They all lived in the same house, but certain rooms were set apart for plaintiff and her family. Defendant worked for plaintiff's husband on the farm. On March 6, 1920, near 6 o'clock in the evening, plaintiff and her husband were in the barn milking, and defendant came in to care for the stock, as the former were having some dispute. Plaintiff claims that defendant mixed in, accused her of wrongs, and finally dragged her out of the barn, threw her down against some stones and beat her. The version of defendant is radically different, claiming that plaintiff commenced the verbal assault and when that grew so vicious as to accuse his aged mother of crime, he took hold of plaintiff and merely led her out of the barn. Were his account true, the damages should have been nominal only.

On this appeal we must accept plaintiff's version of the affray, and

also, as far as possible, of the effect upon her. But an examination of the record with this rule in mind compels the conviction that the verdict is so excessive that the jury must have given it under the influence of passion and prejudice.

We shall only touch on one or two matters which might have affected the jury and incited passion and prejudice: The failure of plaintiff's husband, her natural protector, to interfere in her behalf, and the fact that the jury were permitted to find an operation attributable to the assault. For an injury which requires a serious or major operation, very substantial damages may undoubtedly be awarded. But upon this record there is no evidence that defendant's conduct produced the condition that required the operation, except plaintiff's bare uncorroborated statement that, within a day or two after the fracas, she felt a sore spot and a lump in her side and that this continued to pain her until the operation, some time in June following. The surgeon who operated was not called. The jury had no means of knowing what was removed, if anything, or whether the ailment which required the operation could be at all ascribed to an injury received in the altercation. Nothing as to an operation was intimated in the complaint, and, although we are of opinion that its allegations of injuries are broad enough to permit proof of one that had to be operated, still it is readily seen how defendant's attorneys may not have known of the operation or have surmised that it would ever be claimed that it resulted from the assault, and were therefore not prepared with testimony to combat such claim first made at the trial.

Plaintiff went direct from the altercation to a neighbor to telephone for the sheriff, and the second day she walked 6 miles to lodge a criminal complaint against defendant. No person who saw plaintiff immediately after the occurrence was called to testify to any bruises or evidence upon her of rough handling or beating. Defendant is a large, strong man, and, if he had so viciously struck as plaintiff claims, there surely would have been marks which others noticed. However, the only testimony came from her children, one 9 and the other 11 years old, that they saw two small black spots on her back just below the shoulder the day after the assault. She testifies to backache, and a different sort

of headache since the fracas and inability to labor.  All are subjective indications and so invariably appear in exaggerated form in the testimony of all plaintiffs in personal injury cases, that large awards should not be predicated thereon, unless there be some corroboration or corroborative circumstances.  Especially ought that to be so where, as in this case, the record indicates that plaintiff has within reach other evidence than that produced at this trial bearing upon her condition after the trouble and the cause of the operation.  Again there is no proof whatever of permanent injuries.

There are many cases where, without the aid of medical experts, the jury may draw the inference that a blow or a fall produced a condition that appears at some subsequent time.  Such was the case of Plonty v. Murphy, 82 Minn. 268, 84 N. W. 1005, where a miscarriage was claimed to have been caused by fright, and where the damages awarded were $300.  In the case of Elvidge v. Stronge & Warner Co. 148 Minn. 185, 181 N. W. 346, there was medical expert testimony on both sides of the proposition.

We refrain from a further discussion of the evidence, for we think there ought to be a new trial, rather than an attempt by this court to reduce the verdict, for we are persuaded that testimony exists bearing upon the extent of the injuries, if any, which when properly presented, may enable a jury to find a tangible basis for a verdict and so as not to disclose the influence of passion and prejudice by its excessiveness.

The order is reversed and a new trial awarded.