FLORENCE C. DOUGLAS v. ANTON JACOBSON.[1]

December 20, 1929.

No. 27,601.

[1]Reported in 228 N. W. 347.

*Webber, George & Owen,* for appellant.
*Lamberton & Lamberton,* for respondent.

STONE, J.

October 16, 1927, defendant, driving a Flint sedan, ran into an old Ford touring car driven by Mr. Fred Douglas, who died two days later from injuries received in the collision. This action for the resulting damage is prosecuted by his wife, Florence C. Douglas, as special administratrix of his estate. She had a verdict, and defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

The accident occurred on Sunday afternoon on highway No. 3 just outside of Winona. Both cars were eastward bound. Deceased was attempting a "U" turn. He was struck when squarely across the 18-foot concrete pavement and when, according to the testimony, he had gotten pretty well over the center line. There is evidence that decedent started his turn at a point where a wide private driveway joins the pavement from the south; that he did not make the turn entirely on the driveway; that the left wheels of his car never left the pavement, but that he turned partly on the driveway and partly on the pavement and quite sharply to the left; that some distance, probably half a block before commencing the turn, he looked to his rear and extended his hand as a warning signal (as required by law, L. 1927, p. 563, c. 412, § 17) to motorists behind him, and that he kept his hand extended, holding "it out there some time" (as it was put on cross-examination of a witness for plaintiff) just before "he started to turn around." It was testified also that just before the collision defendant was driving at from 40 to 50 miles per hour, a rate which would carry him from 58 to 73 feet per second. Defendant admits that he saw deceased making the turn but insists that it was made entirely off the pavement and on the driveway and that he "thought maybe he would do like the rest and stop before he came back on the highway." He does not admit that deceased gave any warning signal.

It is too much to ask this court to disturb a verdict based upon such evidence. The conflict in the testimony of witnesses for plaintiff, not as serious as counsel for defendant claim, does not permit its rejection. Its weight was for the jury. The deceased had the right to make the turn. The evidence for plaintiff supports the jury in their conclusion that he exercised due care in doing so. There is evidence, equally believable, of defendant's negligence. His speed and the fact that he did not see the signal of the deceased (which the jury must have believed was given) are sufficient to support the conclusion that he was negligent. We have considered the arguments pro and con based upon what are supposed to be undisputed physical facts but find nothing which would justify us in disturbing the verdict.

On the premise that "there is no evidence that the decedent ever * * * ʽ saw the appellant's car," counsel cite Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, in support of their claim that the deceased was guilty of contributory negligence as matter of law. We cannot agree. The theory· of defendant, that the deceased in making his turn drove entirely off the highway and as a matter of due care should have stopped before coming back onto it, breaks down because of the evidence for plaintiff that the deceased did not get entirely off the highway. Next, it cannot be assumed that the deceased did not see defendant's car approaching. If he looked around some distance before starting his turn and extended a hand and kept it extended, as a witness riding with him says he did, the inference is reasonable that he saw defendant's car some distance behind and, not appreciating its excessive speed, signaled in such fashion that had defendant slackened his speed the deceased could have made the turn without risk of collision. That entirely tenable view makes the instant case easily distinguishable from Sorenson v. Sanderson, 176 Minn. 229, 223 N. W. 145, wherein our conclusion of contributory negligence as matter of law was based upon the fact that the two machines were approaching from opposite directions and that had the plaintiff exercised due care to discover the presence of the defendant's machine immediately in front of him

he would not have attempted the turn which resulted in the collision, or at least would have so directed the movement of his own car as to prevent the accident. The case calls for no further consideration of the authorities which lead to conclusions not questioned or open to misunderstanding so far as this case is concerned. Viewed as it must be from the standpoint of the evidence for plaintiff, it is but another case where we have been asked to annul the decision of a fact issue by a verdict.

The foregoing covers all of the assignments of error except one going to misconduct of counsel for plaintiff. There was misconduct. A witness for plaintiff just having concluded his testimony, counsel for plaintiff stated to the court in the presence of the jury that they had another witness who would testify to the same effect but who was not then in court and who did not testify. The statement was obviously improper and utterly without excuse. But it was immediately rebuked by the trial judge and the jury told to disregard it. By the order denying the motion for new trial, it was held "not important." We do not feel at liberty to disagree with that conclusion of the judge who tried the case and witnessed the incident to the extent of granting a trial upon the ground alone of the misconduct.

Order affirmed.