EDWARD L. PETERSON v. H. A. DOLL.[1]

October 9, 1931.

No. 28,502.

[1]Reported in 238 N. W. 324.

214

*Orr, Stark, Kidder & Freeman,* for appellant.
*Carl W. Gustafson* and *S. Bernhard Wennerberg,* for respondent.

HILTON, J.

Defendant appeals from a judgment against him for $4,416.13.

Action to recover for personal injury and property damage resulting from a collision between plaintiff's automobile and that of defendant. At the conclusion of the testimony defendant's motion for a directed verdict was denied. His subsequent motion for judgment notwithstanding the verdict or for a new trial was also denied.

Trunk highway No. 46 is in part a concrete pavement 18 feet wide, running east and west through the village of Chisago City. The accident occurred on the outskirts of the village on July 1, 1929, at about seven o'clock p. m. in broad daylight, with the sun shining. Both plaintiff and defendant were driving eastward on the right-hand side of the pavement; plaintiff in a 1926 Ford half-ton truck was following the defendant, who was driving a 1925 Tudor Ford sedan. Both were proceeding at approximately 25 to 30 miles per hour. There were no obstructions to the view of either and no other conveyance in sight in either direction. There were no distracting circumstances. The pavement was dry.

Plaintiff testified that he had no intention of passing the sedan, its speed being fast enough to suit his purpose. He testified that he was watching defendant's car continually; that suddenly, without any warning or signal, the sedan stopped; that he, plaintiff, immediately applied his brakes and turned his car to the left as speedily as possible but did not clear the car ahead of him. Defendant did not comply with the provisions of 1 Mason, 1927, § 2720-17, requiring him, before stopping, to see that such movement could be made in safety and requiring him to give a signal either by extending the arm horizontally from and beyond the left side of the vehicle

or by an adequate mechanical or electrical signal device, plainly visible to the driver of such other vehicle, of the intention to make such movement, at least 50 feet before a stop. There was no mechanical device on the car and no evidence that the electrical stoplight at rear of defendant's car was burning.

The left rear side of defendant's car was struck a glancing blow by plaintiff's car. Both cars were considerably damaged. Plaintiff's car landed in the ditch adjoining the left-hand side of the pavement at a distance estimated at from 20 to 50 feet or more ahead of defendant's car. Plaintiff was seriously injured. The amount of the verdict is not complained of.

Assignments of error one and two are predicated upon the denial of the two recited motions made by the defendant. The third assignment calls in question the refusal of the court to grant defendant's motion for a new trial on the ground of an alleged error in the court's charge. There is no merit to that assignment.

■ The evidence was considerably in dispute. It cannot be seriously contended that the question of defendant's negligence was not one for the jury; the evidence amply warranted the jury in finding that the defendant was negligent.

■ The only question remaining is as to whether plaintiff was guilty of contributory negligence, and upon this point defendant stresses his argument. If so contributorily negligent, plaintiff could not recover in this action. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7012. The case was submitted to the jury after a careful, accurate, and complete statement of the law applicable thereto. The defendant insists that upon the record plaintiff was guilty of contributory negligence as a matter of law. With this we cannot agree. The general rule governing a situation such as is disclosed by the evidence here is found in Mechler v. McMahon, 180 Minn. 252, 254, 230 N. W. 776, 777, wherein it is stated:

"It is only in the clearest of cases when the facts are undisputed and it is plain that all reasonable men can draw but one conclusion, that the question of contributory negligence becomes one of law."

This case is not such a one. Fact issues were involved, and the court properly sent the case to the jury. Believing, as it had a right to under the evidence, the jury absolved plaintiff from any contributory negligence. Plaintiff was going at a presumptively lawful rate of speed. 1 Mason, 1927, § 2720-4(a).

Defendant selects from the testimony certain statements made by plaintiff which were modified in subsequent testimony. At first he testified that he was about 75 feet away from defendant's car when he noticed its sudden stopping. Later (the next day) after plaintiff had by reference to known objects along the highway made an accurate taped measurement, he testified that the distance was about 45 feet. Without doubt this discrepancy was made the most of by able counsel in his argument to the jury.

Whether the location of the defendant's car at the time it was hit by plaintiff was with the right-hand wheels six inches in on the pavement or whether they were eight inches or more off the pavement was, under conflicting evidence, for the jury. Plaintiff's testimony placed them on the pavement; other evidence placed them off the pavement. The jury may well have believed that the car when hit was entirely on the pavement and that its later location was due to the impact of plaintiff's car.

Other evidence having to do with skid marks on the pavement made by plaintiff's car was proper for the jury's consideration in determining an important feature of the case.

Defendant emphasizes a statement made by one of plaintiff's witnesses from which he attempts to draw a certain permissible inference. It is however to be noted that from other evidence in the case a different inference could properly be drawn. See Akerson v. G. N. Ry. Co. 158 Minn. 369, 197 N. W. 842. Plaintiff should not be strictly bound by every statement made by his witnesses without regard to other testimony bearing on the situation. It was for the jury to consider all the evidence and reach a conclusion therefrom.

Plaintiff was required not to follow defendant's vehicle more closely than was reasonable and prudent, having due regard to the

speed of such other car and the traffic upon and the condition of the highway and the condition of his own vehicle. 1 Mason, 1927, § 2720-15. The burden was on the defendant to establish plaintiff's contributory negligence. The verdict of the jury absolved plaintiff from a violation of this statute. It was a justifiable conclusion under the circumstances disclosed by the record.

Plaintiff had a right to assume that the defendant would observe the law of the road and that he would comply with statutory requirements as to stopping, signaling, etc. Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; 42 C. J. 950; Huddy, Automobiles (8 ed.) §§ 383, 483.

We have given consideration to all of the arguments advanced by defendant and have read the cases cited by him. These cases are readily distinguishable upon the facts.

We conclude that the verdict which found that the defendant was negligent and the plaintiff free from contributory negligence was justified and should stand. See generally: Harrington v. Wagner, 176 Minn. 383, 223 N. W. 603; Stapp v. Jerabek, 144 Minn. 439, 175 N. W. 1003; Douglas v. Jacobson, 179 Minn. 86, 228 N. W. 347; Schneider v. Nedry, 201 Wis. 111, 228 N. W. 509; Clark v. Weathers, 178 Iowa, 97, 159 N. W. 585.

Judgment affirmed.

[1]Reported in 238 N. W. 329.