ELIZABETH LAFFORTHUN, Plaintiff, *v.* DAVID B. STRAUSS, JR., an Infant, by His Guardian ad Litem, WINIFRED D. NELSON, Defendant.

MYRA SISSON, Plaintiff, *v.* DAVID B. STRAUSS, JR., an Infant, by His Guardian ad Litem, WINIFRED D. NELSON, Defendant.

City Court of the City of Schenectady, July 14, 1948.

*Morris Marshall Cohn* for plaintiffs.

*Harold E. Blodgett* for defendant.

BATES, J. The above cases were tried at the same time but not merged so that there is a separate judgment and costs in each case.

Upon the trial and before the taking of testimony, it was pointed out to the court that the defendant was under the age of twenty-one years, whereupon on the consent of all parties the clerk of the court, Winifred D. Nelson, was appointed guardian ad litem for the defendant in each case.

Elizabeth Lafforthun, owner and driver of her 1940 Dodge sedan seeks damages for personal injuries and property damage to her car, claiming the defendant negligent. Myra Sisson, mother of Elizabeth Lafforthun, and a passenger in her daughter's car, seeks damages for personal injuries, claiming the

defendant negligent. The defendant denies negligence and claims Elizabeth Lafforthun and Myra Sisson negligent or some person other than the defendant negligent.

The accident happened on the Western Gateway Bridge connecting Schenectady, New York, with Scotia, New York, on the Scotia half of the bridge. A line of cars was proceeding toward Scotia, the Lafforthun car traveling behind defendant's car. An unexplained occurrence happened several cars ahead of the defendant, which caused each successive car to stop, among them that of the defendant. When the defendant stopped, the plaintiff Lafforthun did not stop in time and struck the rear of the defendant's car. The date was December 18, 1947, at about 5:30 P.M. The temperature was about 20 degrees below zero. It was dark. The roadway at the point of the accident was clear of ice and snow and dry. The road lights were aglow on the bridge. A strong wind was blowing. Traffic was heavy.

Both the defendant and plaintiff Lafforthun, traveling in this line of cars had a duty imposed upon each at all times, while thus situated, to have his car under control so that he could stop if the forward car stops. Each should be a sufficient distance behind the forward car and each should be traveling at a sufficiently low rate of speed so that he will not cause damage to the car ahead if it stops or to the car behind by stopping suddenly. Each had a duty to use reasonable care under the circumstances to avoid causing damage. To express the duty in another way, it was the duty of each to exercise that degree of care and caution and prudence that an ordinarily careful person would have exercised under the particular circumstances shown to exist in order to avoid causing injury to another, and in order to avoid being injured.

The court finds that both defendant and plaintiff Lafforthun violated that duty and that its violation was the proximate cause of the accident. The defendant was traveling too close behind the car ahead so that he stopped suddenly, missing the car ahead by inches. The plaintiff Lafforthun was traveling too close behind defendant, so that she did not stop short of defendant, but struck the rear of his car. Because of the insufficient distances between defendant and the car ahead and between plaintiff Lafforthun and the defendant, signals by lights or otherwise by the forward car could be of no avail. The evidence does not point to defective brakes on either plaintiff Lafforthun's car or on the defendant's car. Defendant and plaintiff Lafforthun were going at about the same speed, which

was not fast, but it was unreasonable in relation to the distance of each car behind its forward car.

The court finds that both defendant and plaintiff Lafforthun were negligent. There was no attempt on the part of defendant to show plaintiff Myra Sisson negligent, and there is no evidence in the case to show that she was negligent, and the court consequently finds that plaintiff Myra Sisson was free from negligence.

The plaintiff Myra Sisson, age sixty-six, was thrown forward from the impact of the collision and her head hit the windshield. She was cut on the forehead and nose. Three stitches were taken in the cut on the forehead at the hairline. Her knees were bruised. The tissues around her eyes became black and blue from the blow, and her neck and shoulders became lame. She suffered pain with headaches and nervousness and sleeplessness. Narrow scars remain visible an inch long on the forehead and another one a quarter of an inch long on her nose. The scars are permanent. She was in bed part of the time and up and around the house part of the time for a period of two weeks, during which time she was unable to attend to her household duties. Her clothing was damaged to the extent of $5. Her hospital bill was $3. Her doctors bill was $35.

In the case of Myra Sisson against Strauss, the court finds a verdict for the plaintiff against the defendant in the sum of $500.

In the case of Elizabeth Lafforthun against Strauss, the court finds a verdict for the defendant against plaintiff of no cause of action.

Upon the above verdicts, judgment in the Myra Sisson case is granted in favor of the plaintiff against the defendant in the sum of $525.50, which includes costs $5.50 and an allowance of $20, and judgment in the Elizabeth Lafforthun case, is granted in favor of the defendant against Elizabeth Lafforthun dismissing the case, with costs of $17. Both judgments are docketed on even date herewith.