BRUCE MacGIBBON and TINA MacGIBBON

v.

GODFREY SMALLS and WARREN EMANUEL

BRUCE MacGIBBON, Appellant

No. 18,399

United States Court of Appeals

Third Circuit

Argued January 27, 1971
Decided April 27, 1971

*See, also, 443 F.2d 522*

RICHARD E. GRUNERT, ESQ. (GRUNERT & STOUT), Charlotte Amalie, St. Thomas, V.I., *for appellant*

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DE JONGH & FARRELLY), Charlotte Amalie, St. Thomas, V.I., *for appellees*

Before KALODNER, FREEDMAN* and ADAMS, *Circuit Judges*

OPINION OF THE COURT

ADAMS, *Circuit Judge*

This appeal arises from a rear-end collision between an automobile driven by plaintiff Bruce MacGibbon and a taxi driven by defendant Warren Emanuel, on January 22, 1968, on a city street in St. Thomas, the Virgin Islands.

The sequence of events which led up to the accident is as follows: A third vehicle, a taxi, driven by defendant Godfrey Smalls, when hailed by a passenger, came to a rolling signaled stop. Defendant Emanuel slammed on his brakes and his taxi came to an unsignaled screeching stop within a foot of Smalls' taxi. Plaintiff MacGibbon, who was driving behind Emanuel's car, traveled some sixty feet

---

* Judge Freedman participated in the argument and disposition of this case, but died before the writing of this opinion.

after becoming aware that the preceding car or cars were stopping but was unable to come to a stop and collided with Emanuel's taxi, thus causing injury to MacGibbon's passenger, Tina MacGibbon, and property damage to Emanuel's taxi and plaintiff's car.

Bruce MacGibbon sued Smalls and Emanuel for the damage to his vehicle,[1] and Tina MacGibbon sued them for personal injuries she sustained.[2] Smalls' answer contained a request for dismissal of the complaint as it pertained to him.[3] Emanuel counterclaimed asking for dismissal of the complaint as against him and for judgment against Bruce MacGibbon for the damage done to his taxi.[4]

After a trial, the Municipal Court of the Virgin Islands concluded that Emanuel and Bruce MacGibbon were contributorily negligent and not entitled to recover from each other, that Tina MacGibbon was not negligent and was entitled to recover damages from Emanuel, and that Smalls was not negligent and was entitled to reasonable attorney's fees and costs from the plaintiff Bruce MacGibbon.[5]

Bruce MacGibbon appealed to the District Court of the Virgin Islands from the denial of recovery for his property damage and from the award to Smalls against him for counsel fees and costs.[6] The District Court found that the Municipal Court's findings of fact as they pertained to appellant were not clearly erroneous and were

[1] The suit claimed property damage to Bruce MacGibbon's car in the amount of $338.80 and temporary replacement value in the sum of $120.00 plus costs and reasonable attorney's fees.

[2] Tina MacGibbon's claim was in the amount of $500.00, plus costs and reasonable attorney's fees.

[3] Small's answer also requested costs, including reasonable attorney's fees.

[4] Emanuel's counterclaim was in the sum of $144.25, plus costs and reasonable attorney's fees.

[5] The Court, therefore, awarded Tina MacGibbon $200.00 for her personal injuries plus costs and an attorney's fee of $100.00 and awarded Smalls an attorney's fee of $100.00 plus costs.

[6] Emanuel in his brief to the District Court asked for reversal of the decision below and for entry of judgment in his favor. Since Emanuel filed no cross appeal the District Court found that Emanuel could not obtain relief on appeal.

supported by evidence in the record and accordingly affirmed. This appeal followed.[7]

Mr. MacGibbon takes issue with what the Municipal Court labels finding of fact 7, which states:

"That 'although ordinarily a signal, warning vehicles in the rear, was necessary when the vehicle in front was stopping, nevertheless there was imposed upon the operators of the rear vehicles the corresponding duties of having their vehicles under such control and at such a distance from the car ahead that when a sudden stop was made the vehicle could be brought to a standstill without striking the one immediately in front of it.' Russell v. Furniture Renewal, Inc., 177 Tenn. 525, 151 S.W.2d 1066, 85 A.L.R.2d 645 (1941). See also Lafforthun v. Strauss, 192 Misc. 88, 80 N.Y.S.2d 329, 85 A.L.R.2d 645; Peterson v. Doll, 184 Minn. 213, 238 N.W. 324, 85 A.L.R.2d 652; Farmer v. Nevin Bus Lines, 107 Pa. Super. 153, 163 A. 41."

It was with the aid of this finding that the Municipal Court found Mr. MacGibbon contributorily negligent and therefore deprived him of a right to recover.

Although characterized as a finding of fact, it is clear that finding 7 is a conclusion of law and therefore is not to be reviewed here on the basis of the "clearly erroneous" standard. Finding 7, which purports to be a quote from a Tennessee opinion, is only a paraphrase.[8] If the Tennessee opinion as actually written were followed literally, plaintiff would not have had the duty to be able to stop in this particular case since Emanuel did not come to a sudden stop because of an emergency or in obedience to a traffic signal. This may be the rule in Tennessee, but it is

---

[7] Emanuel filed a brief in this Court seeking reversal of the judgment. Since he filed no cross appeal from the Municipal Court nor to this Court from the District Court, the judgment against him must stand.

[8] The Tennessee court actually said:
"The general rule is that, although ordinarily a signal warning vehicles in the rear is necessary when the vehicle in front is stopped, nevertheless there is imposed upon the operators of the rear vehicle the corresponding duty of having their vehicles under such control as to be able to stop in time to prevent running into the car ahead in case the latter vehicle comes to a sudden stop in case of an emergency or in obedience to traffic signals." 151 S.W.2d at 1068.

not necessarily the rule in the Virgin Islands, and the reliance of the Municipal Court on a quote from a Tennessee opinion which it believed supported its position cannot now be said to change or modify the law of the Virgin Islands. The question before us then is does the paraphrase in finding 7 accurately reflect the law of the Virgin Islands?

The Virgin Islands Code[9] requires that:

"No person shall drive a motor vehicle on a public street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on the public street or highway."

The Municipal Court grounded its findings of contributory negligence by Bruce MacGibbon on his failure to keep his vehicle under control and on his not staying at a safe distance behind the car ahead at the speed he was travelling. The finding is not therefore couched in terms of excessive speed but of keeping too little distance between the car in front and his own. It is a simple law of physics that speed and distance are interrelated by a mathematically determinable and certain ratio. Bruce MacGibbon then could have driven slower and maintained the distance between autos or maintained his speed and allowed a greater distance between his car and Emanuel's taxi.[10] We may therefore construe the Municipal Court's finding as one dealing with speed rather than distance. When this is done, it is clear that the conclusion of law characterized by the paraphrase in finding 7 is a correct statement of Virgin Islands law.

Even if this conclusion of law is viewed as couched only in terms of control, rather than speed, it is sustainable. In Baumann v. Canton, 7 V.I. 60 (D.C.V.I. 1968), a case

---

[9] Title 20, § 494(a) as amended April 27, 1964.

[10] This latter alternative might of course have required a momentary diminishment of speed to allow for a greater separation distance to be achieved.

decided a few months after this collision took place but applying the law of the Virgin Islands as it had stood for some time, the District Court of the Virgin Islands stated:

"It is a well established rule that a motorist must operate his vehicle always with due regard for the safety of all others on the highway. He is charged with the duty of keeping his automobile under such control that he can stop within the distance on the road ahead which he can clearly see. The law exacts of him constant care and attention and imposes upon him certain positive duties . . . (Footnote omitted)." Id. at 67.

Thus, it appears that the Virgin Islands recognizes a common law rule which imposes a duty to be able to stop within a distance the driver can clearly see. It is important to note that the District Court in Baumann, supra, also found a statutory base for requiring a driver to be able to stop without collision,[11] independently of the common law rule it claimed was well established.

■ The conclusion of law found in finding 7 of the Municipal Court's opinion in this case must therefore be affirmed and the findings and conclusions stemming from it sustained.

We have considered carefully all the other arguments made by plaintiff and find them without merit.

The judgment of the District Court will be affirmed.

---

[11] Citing, as we do, Title 20 V.I. Code § 494(a).